ALBERT S. PATTISON ET AL. v. GEORGE W. DRYER AND
MARY SWIFT DRYER.

*Adverse possession—Tenancy by sufferance—Statute of limitations.*

1. The rule that one who comes into possession of land lawfully,
and holds after the expiration of his right, becomes a tenant
at sufferance, does not apply to one whose original right of
occupancy is vested in him by operation of law.

So held where the defendant was, prior to the married
woman's act, vested with an estate in the marital right, which
. terminated at the death of the wife.

2. In such case the right of action of the heirs of the wife accrued
to them at the time of her death, under How. Stat. § 8700,
from which time the statute of limitations began to run in
favor of the husband.

Error to Calhoun. (Hooker, J.) Argued October 13,
1893. Decided February 6, 1894.

Ejectment. Defendants bring error. Reversed. The
facts are stated in the opinion.

*William H. Porter* (*Lucius B. Swift*, of counsel), for
appellants.

*John C. Patterson* (*E. A. Otis*, of counsel), for plaintiffs.

MONTGOMERY, J. This is an action of ejectment. The
plaintiffs claim title as heirs at law of Chloe Dryer,
deceased, who was during her lifetime the wife of George
W. Dryer. Chloe Dryer died without issue February 25,
1871, leaving, as heirs at law, Ellen R. Andrews and Mary
J. Mallory, daughters of a deceased sister, and Maria S.
Pattison, a sister. The plaintiffs Albert S. Pattison, Ruth
D. Smith, Ada M. Gunnison, and Helen M. Gibson are
descendants of Mrs. Pattison, who died intestate in October,
1877. The defendant George W. Dryer, and his wife,

Chloe, first took possession of the land in question in 1842 or 1843, under a deed conveying title to one of the parcels to Mrs. Chloe Dryer. Another parcel, of which plaintiffs here seek to recover an undivided aliquot part, was held by conveyances vesting an estate in Chloe Dryer and George W. Dryer, as tenants in common. This was before the passage of the married woman's act, in 1844. After the death of defendant's wife, Chloe, the defendant George W. Dryer continued in possession of the land, and occupied it, as he claims, to the exclusion of the heirs of Chloe Dryer, for more than 15 years prior to the commencement of this suit.

1. The principal question in the case is whether the statute of limitations has run in favor of the defendant, or whether, on the other hand, he stands in such a relation to the property as forbids his interposing that defense, or raises a presumption that he occupied under the lawful ownership. The statute (How. Stat. § 8700) provides, with reference to when the right to bring an action to recover lands shall be deemed to have first accrued, that—

"When he [plaintiff] claims as heir or devisee of one who died seised, his right shall be deemed to have accrued at the time of such death, unless there is a tenancy by curtesy or other estate intervening after the death of such ancestor or devisor, in which case his right shall be deemed to accrue when such intermediate estate shall expire, or when it would have expired by its own limitation."

The plaintiffs' contention is that, the property in question having vested in Chloe Dryer prior to the married woman's act, defendant became vested with an estate in the land known as "tenancy by the marital right," and that having lawfully come into possession by virtue of this right, and having held over after the termination of his estate, he became a tenant at sufferance. On the part of defendant, it is contended that his holding over has not been, at

any time since the death of Chloe Dryer, subservient to the title of her heirs.

As a general rule, when a tenant comes rightfully into possession of land by permission of the owner, and continues to occupy the same after the time for which, by such permission, he had the right to hold the same, he is said to be a tenant at sufferance. He holds without right, yet is not a trespasser. See 1 Washb. Real Prop. p. 392, and *Kunzie v. Wixom*, 39 Mich. 387. This is conceded by defendant to be a correct statement of the rule, as applied to tenancies or estates created by contract between the parties; but it is said that "a distinction exists between such cases and those like the present, where the estate is cast upon one by operation of law." In Kent's Commentaries (volume 4, p. 117), the learned author gives sanction to this distinction, as follows:

"There is a material distinction between the cases of a person coming to an estate by act of the party, and afterwards holding over, and by act of the law, and then holding over. In the first case he is regarded as a tenant at sufferance, and in the other as an intruder, abator, or trespasser."

So, in Washburn on Real Property (volume 1, p. 393), it is said:

"But, in order to have a tenancy grow into one by sufferance, it must originally have been created by agreement of the parties; for where one was in, like a guardian, by act of the law, and held after his ward arrived at age, he was a tort feasor, intruder, abator, or trespasser, and not a tenant at sufferance."

In Angell on Limitations (section 443), it is said:

"If the lessee for life or years makes a feoffment, the lessor may still distrain for the rent, or charge the person to whom it is paid as a receiver, or bring an ejectment, and choose whether he will consider himself as disseised. This rule is to be applied, however, only to the conven-

tional relation of landlord and tenant, where rent is reserved, or a return required, and not to a relation arising from mere operation of law, as where one makes a grant, and by the omission of the technical word 'heirs' an estate for life, only, passes. In such a case, after the death of tenant for life, it is held that an adverse possession may commence;" citing *Jackson v. Harsen*, 7 Cow. 323, which fully sustains the text.

In *Doe v. Gregory*, 2 Adol. & E. 14, Vale and his wife entered into possession of lands by the right of the wife, Vale being a tenant in the marital right. The wife died. Vale continued in possession for 20 years. Ejectment was brought. The court say:

"It was argued that the defendant here was also to be considered as having entered rightfully, and committed no disseisin. We are, however, of opinion that, though this may be so for the purpose of avoiding a fine, it cannot prevent the defendant's possession from being wrongful from the very hour when his interest expired by his wife's death. It is clear that he might have been immediately turned out by ejectment. We think, therefore, that his continuing the same possession for 20 years entitles him to the protection of the statute of limitations, and that this action has been brought too late."

It will be observed that the distinction between a tenant by operation of law holding over and one holding over who is in by contract is not made. It may, nevertheless, have been considered. In 2 Smith, Lead. Cas. (8th ed.) 664, comparison is made of this decision with other holdings of the English courts, and it is said:

"It is not, however, necessary to impugn the decision in *Doe v. Gregory*, since Lord Coke's Commentary proceeds, *ubi supra* [1 Co. Lit. 57*b*]: 'There is a diversity between particular estates created by the tenant, and particular estates created by act in law; as, if a guardian, after the full age of heiré, continueth in possession, he is no tenant at sufferance, but an abator, against whom an assize of *mort d'ancestor* doth lye, *et sic de similibus*.' And Lord Hale adds: 'If guardian, in such case, die seised, the entry of the heir tolls.' So that, on this distinction, it may be

argued that the wife's estate, in *Doe v. Gregory*, having been cast upon the husband, Vale, by act of law, his continuance in possession was not as tenant at sufferance, but as an intruder against the remainder-man, in which case he would have acquired a tortious freehold, and Stat. 21 Jac. I, would clearly run."

In *Livingston v. Tanner*, 14 N. Y. 64, 69, it was said:

" In respect to the two other cases mentioned in the section,—that of a guardian or trustee holding for an infant, and a husband seised in right of his wife only,—neither of these persons, holding over after the determination of their respective estates, became tenants at sufferance, at common law. They were mere intruders, abators, and trespassers. At common law, there was a material distinction between the cases of a person coming to an estate by act of the party, and afterwards holding over, and by act of the law, and then holding over. In the first case, which included an estate determinable upon any life or lives, he was regarded as a tenant at sufferance. In the other, to which belong guardians or trustees holding for infants, and husbands seised in right of their wives only, they were trespassers, and the relation of landlord and tenant never, in any sense, existed."

In *Brown v. Smith*, 83 Ill. 291, it was held that upon the dissolution of the marriage relation the wife does not become a tenant at sufferance, as to property occupied by her during a continuance of the relation. It is said:

" As the wife of appellant, she had undoubtedly a right to use all the apartments in the house, in virtue, alone, of marriage relation. When that ceased by the decree of the court, her rights to any and all portions of the house ceased. * * * She was not a tenant on sufferance, but an intruder, from and after April 16, 1872, the day the divorce was granted."

While we have been cited to numerous cases and textbooks in which the definition of a " tenant at sufferance " is broad enough to include any person who, being lawfully put in possession of property, holds over after the termination of the estate, we have had our attention called to

no case in which the distinction which apparently existed at the common law, and which has been recognized in the numerous cases cited herein, has been considered and repudiated, except the case of *Jackson v. Cairns,* 20 Johns. 301, the doctrine of which is in conflict with *Jackson v. Harsen,* 7 Cow. 323, above cited, and is opposed to the language of the court in *Livingston v. Tanner, supra.* The case of *Graydon v. Hurd,* 5 C. C. A. 258 (55 Fed. Rep. 724), to which attention was directed on the argument, was a case in which the relations between the parties depended upon contract. The case is not, therefore, in conflict with the views herein expressed.

2. The foregoing discussion is not intended to apply to that portion of the lands as to which defendant was a tenant in common with the plaintiffs. It is argued that the plaintiffs were not alike interested in this portion of the land, and that a joint judgment in their favor was erroneous for this reason. This question does not appear to have been raised in the court below; and, as the case must go back for a retrial on other grounds, we do not consider it necessary to discuss it. We think there are no other points requiring discussion.

The judgment will be reversed, with costs, and a new trial ordered.

McGRATH, C. J., LONG and GRANT, JJ., concurred. HOOKER, J., did not sit.