C. H. SCRUTCHFIELD v. THE CHOCTAW, OKLAHOMA & WESTERN RAILROAD COMPANY, a Corporation.

(Filed February 13, 1907.)

**DAMAGES—Railways.** The location and operation of a railroad upon a public highway may occasion incidental inconvenience and injury to an abutting land owner, but until it cuts off or materially interrupts his means of access to his property, or impose some additional burden on his soil, his injury is the same in kind as that suffered by the community in general, and he can not recover in an action therefor.

(Syllabus by the Court.)

*Error from the District Court of Logan County; before Jno. H. Burford, Trial Judge.*

*H. M. Adams,* and *Devereux & Hildreth,* for plaintiff in error.

*M. A. Low, C. O. Blake,* and *Dale & Bierer,* for defendant in error.

STATEMENT OF FACTS.

This action was commenced in the district court of Logan county by the filing of the following petition:

"Comes now said plaintiff and for his cause of action against said defendant alleges and avers:

"That defendant is a corporation duly created, organized and existing under and by virtue of the laws of the Territory of Oklahoma, and that such defendant has constructed

a railroad with the corporate limits of the city of Guthrie, in said territory.

"That plaintiff was, long prior to the construction of such railroad as aforesaid, and ever since has been, and still is, the legal owner in fee simple of lots ten (10), eleven (11), thirteen (13) and fourteen (14) in block sixty-five (65), and lot fifteen (15), in block fifty (50), all in that part of said city known as East Guthrie.

"That at all said times plaintiff had and still has a good dwelling and residence house on said lots ten and eleven and a brick business building on said lot fifteen, and used said lots thirteen and fourteen for a wood market and other purposes.

"That said residence lots ten and eleven are located on Vilas Avenue in said city, and were at all said times. That such avenue was a lawful avenue and street of said city, and was laid out and worked by said city, and was a thoroughfare on which the public had a right to travel, and the same was much used by the general public for such purpose; that said avenue ran east and west in the front of said residence lots; and that Vine street runs north and south twenty-five feet west of said lots.

"That defendant has constructed its railroad upon and appropriated one-half of said Vine street, and has constructed its said road upon, over and across Vilas avenue at a point about 75 feet west from plaintiff's said residence lots, and has completely and permanently obstructed and closed said avenue to any use or travel by the public, and has permanently closed and prevented said avenue from being used as an outlet from said lots.

"Plaintiff further alleges that said lots thirteen and fourteen are and were located on Springer avenue at the corner of Vine street, aforesaid, and before the construction of said railroad were valuable as a residence site and also for

the business purpose for which the plaintiff was using them as aforesaid.

"That defendant has constructed its railroad upon and along said Vine street at a point about 40 feet west of said lots, and has appropriated and closed to the public one-half of said street; that said street was a lawful public and much used thoroughfare, the same as said Vilas avenue.

"Plaintiff further alleges that said lot fifteen is located on Harrison avenue, a short distance west of said railroad; that for a long period of time said avenue, a short distance east of said lot and at the place where said road is now built, was completely cut off and closed to the use of the public, that during all said time plaintiff was engaged in business on said lot, buying and selling new and second hand goods, and wood, dealing in live stock and other business; that a large part of his business patronage came from points east of the point at which defendant obstructed said avenue, and that as a consequence of such obstruction, plaintiff's business and profits therefrom were greatly injured and lessened.

"That said avenue was a lawful and public thoroughfare the same as said Vilas avenue; that it ran east and west past plaintiff's said business lot and was a good business street with prospects of becoming much better.

"Wherefore, by reason of all the foregoing actions and doings of said defendant, plaintiff's said real estate has been rendered much less valuable, and plaintiff has been otherwise injured and damaged, all to the plaintiff's damage in the sum of four thousand dollars, for which sum with the costs of this action he prays judgment against said defendant."

To this petition the defendant filed a general demurrer upon the grounds that the petition does not state facts sufficient to constitute a cause of action.

The cause coming on to be heard in the court below, upon the demurrer, the same was by the court sustained and

the cause dismissed at the cost of the plaintiff, and from this ruling and judgment of the trial court the cause is brought to this court upon error.

Opinion of the court by

GILLETTE, J.:  From the foregoing statements of facts, it is manifest that the question presented in this case is whether or not the owner of real property can maintain an action for damages thereto, by reason of the lawful construction of a railroad where no parts of the premises are taken by the railroad right of way, and where the only damage complained of is such as arises by reason of the construction of the railroad across a street which runs in front of the plaintiff's property, and which street is obstructed by the construction of the railroad, at the point where said street is so crossed.

From the petition filed in this case and which is set out in the statement of facts herein, it is apparent that the defendant constructed its line of road so as to occupy the west half of Vine street, which runs north and south in the city of Guthrie.  This street is crossed at right angles by Harrison avenue upon which the plaintiff owns a business lot, about one hundred and fifty feet west of the railroad. It is also crossed at right angles by Vilas avenue upon which the plaintiff owns a dwelling house property about seventy-five feet east of the railroad, and is also crossed at right angles by Springer avenue upon which the plaintiff owns two lots about 40 feet east of the railroad.  The east half of Vine street is open to pubic travel which permits ingress and egress to plaintiff's property east of the line of road.  All the streets of the city are open to the plaintiff's property ex-

cept the west half of Vine street which is occupied by the defendant company. Immediate ingress and egress is not obstructed.

It is not claimed that Harrison avenue was permanently closed at the intersection of Vine street; on the contrary, the admitted facts in the brief show that after the construction of the road a bridge was built over the road the full width of the street. Nor does the petition show that Springer avenue was completely obstructed. It does show, however, that Vilas avenue was at the intersection of said railroad completely obstructed to public travel.

From this it will appear that no part of the plaintiff's property has been taken and that the damage sought to be recovered, is for a consequential injury which affects all persons in the vicinity alike, except possibly in the degree of injury believed to have been sustained, because of the construction of a line of railroad along a public street of the city.

Every person has the same interest and right in a public street or thoroughfare that any other person has, except that property owners have a special right of ingress and egress to their property from the street, which right may not be taken from them without just compensation, because this is an injury peculiar to the particular property owners so affected. It is not pretended in this case that ingress or egress to the property in question is affected by the construction of the line of railroad at the place where it was constructed, and it was not injured, therefore, in a manner different from what all the real property in that vicinity was injured.

The plaintiff in error seems to admit this proposition as stated in the following language, which we quote from his brief:

"We think the rule to be got from all the authorities is this: Where the intrusion on the highway by the railroad result only in personal inconveniences, that is, an injury suffered by the public in general, no recovery can be had; but where by reason of such invasion of the highway the value of plaintiff's property is depreciated, because either the easements of light and air or access are curtailed, then there is a taking of property for which an action will lie, because this easement is property, and any injury to it is a taking for which compensation must be made."

The plaintiff arguing his case from the basis of the statement above made seems to take the position that the right of access to property is curtailed if there is an obstruction to a street upon which his property abuts, although at a point distant from the property.

Such argument ignores the proposition that a right of recovery in an action of this kind must, if maintainable, be based upon an injury peculiar to the individual as distinguished from the public generally. In this respect the plaintiff's position is clearly stated in the following additional quotation from his brief:

"The obstruction of the easement of access need not always be upon the immediate front of the lot, the owner of which is affected, but if the obstruction, though remote, renders access to such property more difficult, or impairs it in a substantial manner at a point where it abuts upon the street, the property rights of the owner are invaded and he may recover."

Citing in support of the proposition *Dantzer v. R. R. Co.* 141 Ind. 604, reported in 34 L. R. A. 769.

As the above is a clear statement of the only issue in this case, we have examined with care the authority cited in support of it, and are constrained to say that we do not think this view and statement of the law is upheld by the decision cited, the syllabus of which is as follows:

"1. A constitutional right to a remedy for an injury to property does not include the right to recover for an injury not different in kind but only in degree from that suffered by the community in general from the vacation of a remote part of the street, though it causes depreciation in the value of property, but leaves ample means of access thereto.

"2. Depreciation in the value of property by the added inconvenience of access thereto consequent on the vacation of a part of the street at a point some distance therefrom is an injury not different in kind, but only in degree, from that suffered by the community in general."

In the body of the opinion, that court defines what is meant by the term "community in general."

"The community in general does not mean those who use the street and yet reside at such a distance from the railroad as to suffer none of the annoyances incident to its construction and operation, but it means those who reside in the immediate vicinity of the railroad, and are subject to the inconveniences incident to such a structure. The location and operation of a railroad upon a public highway may occasion incidental inconvenience to an abutting land owner, but until it cuts off or materially interrupts his means of access to his property, or imposes some additional burden on his soil, his injury is the same in kind as the community in general."

Mr. Justice Howard of that court specially concurring in the opinion says:

"There can be no doubt, however, that the overwhelming weight of authority at least in this state is in favor of confining the award for such damages to those who are deprived in whole or in part, of access to that section of the highway immediately abutting upon or in front of their own real estate."

Applying the rule here laid down to the case at bar it becomes manifest that the plaintiff's injury (if any must inevitably be the same as that of other lot owners in that immediate vicinity, and under the authority of this case the plaintiff would not be entitled to recover.

The same rule is stated in *Stomwood v. City,* 31 N. E. (Mass.) 702, where the court says in the syllabus:

"A city which has discontinued a part of a street is not liable in damages therefor to an owner of land which is diminished in value by the diversion of travel caused by closing the street, where the access from the land to the system of private streets remains substantially unimpaired."

In *Hammond, et al. v. Commissioners,* 28 N. E. (Mass.) 902, the court in its reasoning upon the rule of damages says:

"It often happens that some persons are so situated as to derive a very great benefit from a public improvement, while they enjoy and use it no differently from all the public who use it at all; but they are not for that reason specially taxed for the cost of it. So, too, they may suffer greatly from the discontinuance of it by the public authorities, but, if their suffering does not differ in kind from that of the public generally, they are not entitled to compensation in damages."

And in *Davis, et al. v. Commissioners,* 26 N. E. (Mass.) 848, the controlling principle of damages in such cases is stated in the syllabus as follows:

"The fact that the approach to certain lands by a public street in one direction will be cut off by a change ordered by the county commissioners does not entitle owners of such land to maintain a petition for *certiorari* to quash the proceedings of the commissioners, as their injury is not different in kind from that of other land owners in the vicinity."

In the case of *East St. Louis v. O'Flynn,* 10 N. E. (Ill.) 395, the supreme court of Illinois announces the rule as follows:

"The legal vacation by a city of streets and alleys is not a 'taking' or 'damaging' without compensation."

And in the body of the opinion the court says:

"The rule of law on this subject was stated by this court in *City of Chicago v. Union Building Association,* 102 Ill. 379, where it was said, for any act obstructing a public and common right, no private action will lie for damages of the same kind as those sustained by the general public, although in a much greater degree."

In *Brady v. Shnikle,* 40 Iowa, 576, the rule stated in the syllabus is to the same effect, viz:

"An action for damages for the vacating of a highway cannot be maintained by a citizen, unless he is injured in some other manner than the public generally."

The supreme court of Colorado in the case of *Whitsett v. Union Depot,* 15 Pac. 339, hold to the same theory of damages, and in the opinion says:

"If the plaintiff suffered no special injury peculiar to himself, and distinct from the general inconvenience exper-

ienced by the public, by the acts complained of, he has no standing in equity for injunctive relief.   The rule laid down in the *City of Chicago v. Building Association,* 102 Ill. 393, and in support of which many authorities are cited, is that for an act obstructing a public and common right, no private action will lie for damage of the same kind as those sustained by the general public, although in a much greater degree."

Authorities might be multiplied almost without limit, that where, as in this case, no part of the plaintiff's premises has been taken, the street upon which his property abuts is not interfered with, and his only grievance consists in not having free and unobstructed access to his premises on one particular street in one direction.   All the other streets of the city being open and unobstructed, he suffers no other or different kind of grievance or damage than such as is common to the general public, and he cannot recover.

It is undoubtedly true that the application of this rule works a hardship in some cases and perhaps in this, and it is also true that some cases may be found holding a contrary doctrine, but we are satisfied that the overwhelming weight of authority is in keeping with the view herein expressed.   The right of property in this case claimed (an easement in a street) is one burdened with governmental interference and control for the public good.   Inconveniences and possibly damages may result therefrom, but they must be borne by each citizen since they result as conditions incident to the enjoyment of the benefits resulting from government.

Finding no error in the record, the judgment of the court below must be affirmed.

Burford, C. J., who presided in the court below, not sitting; all the other Justices concurring.