Choctaw, O. & W. R. Co. v. Castanien *et al.*

No. 2060, Okla. T. Opinion Filed May 12, 1909.

(102 Pac. 88.)

1. TRIAL—Special Verdict Inconsistent With General Verdict. It is reversible error to overrule a motion for judgement **non obstante** where the special findings show a state of facts inconsistent with the general verdict.

2. EMINENT DOMAIN—Railroads—Construction and Maintenance —Consequential Injury. Incidental inconvenience and injury resulting from an excavation made by a railroad across a public alley, where no part of the property of an abutting owner is

Choctaw, O. & W. R. Co. v. Castanien *et al.*

taken, and which imposes no additional burden on his soil, is as to him consequential in its nature, for which he cannot recover. Williams, J., dissenting.

(Syllabus by the Court.)

*Error from District Court, Logan County; John H. Burford, Judge.*

Action by Charles E. Castanien and others against the Choctaw, Oklahoma & Western Railroad Company. Judgment for plaintiffs, from which both parties brought error to the Supreme Court of the territory of Oklahoma, whence the cause is transferred to the Supreme Court of the state of Oklahoma. Reversed, with directions.

On March 25, 1903, Charles E. Castanien, C. A. Castanien, and Frank A. Castanien, defendants in error, plaintiffs below, sued the Choctaw, Oklahoma & Western Railroad Company, plaintiff in error, defendant below, in the district court of Logan county, and in their petition, in substance, alleged defendant to be a corporation, organized and existing under the laws of the territory of Oklahoma. That on January 1, 1903, prior to, and continuously since, they were the owners in fee of lots 5 and 6 in block 64, in the east division of the city of Guthrie. That during that time they were in possession of said lots, had improved the same by erecting buildings thereon; and that said land was valuable. That defendant, in the construction of its railroad up Vine street northward into said city, as authorized by its charter so to do, caused an excavation to be made along the entire east line of said lots and about 14 feet deep, and had removed the earth and natural support from the same, so that the building thereon cannot be used, and that it is impossible for them to improve said lots by erecting any heavy buildings thereon. That Vilas avenue runs east and west in front of said building. That the same was a public street laid out for the travel and convenience of the public and was known by that name on the plat of said city, whereby access could be had to said building from the east.

That the same was a traveled street for its entire length, which fact added greatly to the value of said property. That by the construction of said railroad of defendant, and by means of the deep excavation of said street at its intersection with the east line of said property, said street had been entirely closed to traffic and its value greatly diminished. That behind said lots there extended east and west an alley by which access could be obtained to the rear, which added greatly to the value of said lots. That by reason of the construction of said railroad and excavation aforesaid said alley had been destroyed and obstructed and no longer afforded access to said property—all of which had diminished the value of said property $5,000, for which they prayed judgment.

On December 3, 1903, defendant filed an answer, in effect justifying their action under an ordinance No. 517, passed and approved on January 23, 1902, by the city council of the city of Guthrie and duly accepted in writing by the Choctaw, Oklahoma & Gulf Railroad Company, a corporation organized and existing under the laws of the territory of Oklahoma, of which defendant is successor, granting to said Choctaw, Oklahoma & Gulf Railroad Company, its successors and assigns, the right to use and occupy certain avenues, streets, and alleys of said city and vacating same for that purpose, a copy of which was filed with the answer. It also justified under ordinance 538 of said city, granting to defendant, its successors and assigns the right to use and occupy certain streets and alleys of said city, vacating the same for that purpose, and filed a copy thereof, marked "Exhibit B." That by the terms and conditions of said ordinances defendant was granted the right, among others, to use and occupy the west half of Vine street in East Guthrie and that part of Vilas avenue lying north of lots 1, 2, 3, and 4, block 64, aforesaid, and the alley in said block the obstruction of which is complained of, and averred that it had done nothing in the occupation of said street and alley except what it was authorized to do under said ordinances.

On March 9, 1905, after supplemental answer and reply thereto, the cause was tried to a jury, and special interrogatories sub-

mitted by defendant were returned by it, together with a general verdict for plaintiff and against defendant for $500, and, after motion for judgment *non obstante veredicto* was by defendant filed and overruled, both parties filed motions for a new trial, which were also overruled, whereupon the court, on February 21, 1906, rendered judgment on the general verdict in favor of plaintiffs and against defendant in the sum of $500, from which said judgment both parties appealed and prosecuted the same by separate petitions in error and case-made to the Supreme Court of the territory of Oklahoma, and the same is now before us for review as successors to the court, both of which will be determined by this opinion.

*M. A. Low, Blake, Blake & Low,* and *Dale & Bierer,* for plaintiffs in error, cited the following authorities: *In re Melon Street,* 1 Penn. Super. Ct. Rep. 63; *Penn. R. Co. v. Lippincott,* 116 Pa. 472; *Smith v. Boston,* 7 Cush.(Mass.) 254; *City of East St. Louis v. O'Flynn* (Ill.) 10 N. E. 395; *Hall v. Lebanon* (Ind.) 67 N. E. 703; *Grove v. Allen* (Iowa) 61 N. E. 175; *Glascow v. St. Louis* (Mo.) 17 S. W. 743; *Heller v. Railroad Co.,* 28 Kan. 625; *People ex rel. v. Board of Supervisors,* 20 Mich. 95; *Whitsett v. Union Depot* (Colo.) 15 Pac. 359; *Coster v. Maher,* 43 N. Y. 399; *Pillsbury v. Major* (Me.) 8 Atlantic; *Transportation Co. v. Chicago,* 99 U. S. 635; *Kansas, N. & D. Ry. v. Cuykendall,* 42 Kan. 234; *A., T. & S. F. Ry. Co. v. Armstrong* (Kan.) 80 Pac. 978; *Meyer v. Richmond,* 172 U. S. 82; *Scranton v. Wheeler,* 179 U. S. 141.

*L. O. Lytle* and *Devereux & Hildreth,* for defendant in error, cited: *In re Melon Street,* 182 Pa. St. 397; Elliott on Roads and Streets, pp. 85, 113; *Boone v. Hardie,* 83 N. C. 470; 1 Lewis, Eminent Domain (2d Ed.) § 227; *Highbarger v. Milford,* 71 Kan. 331; *Railroad Co. v. Boerner* (Neb.) 51 N. W. 842; *Lockwood v. Ry. Co.,* 122 Mo. 86; *Johnson v. Old Colony R. R.,* 18 R. I. 642; *Chicago v. Taylor,* 125 U. S. 161; *Park v. R. R. Co.,* 43 Iowa, 636; *Brokkea v. R. R. Co.,* 29 Minn. 41; *Danzer v. R. R. Co.,* 141 Ind. 604.

Turner, J.  (after· stating the facts as above).  The chief contention made by plaintiff in error the railroad company is that the court erred in overruling its motion for judgment *non obstante,* claiming the special findings to be inconsistent with the general verdict and invoking the statutes to the effect that where such is the case the trial court may give judgment accordingly. St. Okla. 1893, §§ 4175, 4176, 4177.  Where the special findings show a state of facts inconsistent with the general verdict, such finding of fact must control.  *Severy Ad. v. C., R. I. & P. Co.,* 6 Okla. 153, 50 Pac. 162.  It is reversible error to overrule a motion for judgment on the special findings when such is the case. 20 Enc. of Pl. & Pr. 355, citing *Gripton v. Thompson,* 32 Kan. 367, 4 Pac. 698; *Atchison, etc., R. R. Co., v. Plunkett,* 25 Kan. 188; *Tobei v. Brown,* 20 Kan. 14.

The facts disclosed by the special findings are:  That the lots in controversy are about 50 feet wide and front on Vilas avenue, which is open to Division street on the west, but was closed by a fence built by the railway company 5 feet east of their east line on the edge west of a 14-foot excavation made by the said company, which extended 5 feet from and along the east line of said lots and intersected and cut off the alley running along their south line in the rear, which, before that, was open and in general use by the public, to the intersection of Vine street, which was the next street, running north and south; that the railway company has taken no part of said lots; that since making the excavation said railway company had dedicated to the public a strip of ground sufficient to afford ingress and egress to and from the alley to the east; that the jury allowed no damages by reason of the closing of Vine street at the point of its intersection with Vilas avenue; that access to the front of said lots is free and unobstructed, except that a wagon can reach the front at the east side only by backing up and can be driven within about 12 feet of the northeast corner without backing; that the entire depreciation of the value of plaintiff's property is $500,

$350 of which was caused by closing the alley and $150 by interfering with ingress and egress to and from Vilas avenue.

The claim for damages to lateral support was abandoned. The only building on the lots consisted of a livery stable with two entrances fronting on Vilas avenue extending back to the alley, It was conceded that the title to the property was in plaintiffs, and that the railway company, in doing the acts complained of, was acting pursuant to valid ordinances of the city, introduced in evidence.

Since the railroad company concedes a liability of $150 for injury done to the front of plaintiff's property, the only question necessary for us to determine is: Do the acts complained of justify the finding and judgment for $350 for depreciation in the value of plaintiff's property caused by the closing of the alley? We think not, for the reason that the damage sought to be recovered is for a consequential injury.

This we think is well settled in *Scrutchfield v. Choclaw, etc., Ry. Co.*, 18 Okla. 308, 88 Pac. 1048, 9 L. R. A. (N. S.) 496. The injury there complained of grew out of the construction of this same road up Vine street in the city of Guthrie. In that case the testimony disclosed that this street crossed at right angles Harrison avenue, upon which plaintiff owned a business lot about 150 feet west of the railroad. It also crossed at right angles Vilas avenue, upon which plaintiff owned a dwelling house about 75 feet east of the railroad. It also crossed at right angles Springer avenue, upon which the plaintiff owned two lots about 40 feet east of the railroad. All of the streets of the city were open to plaintiff's property, except one-half of Vine street, which was occupied by the defendant company. The question determined in that case was substantially the same as that to be determined in this, which was stated by the court as follows:

"From the foregoing statement of facts, it is manifest that the question presented in this case is whether or not the owner of real property can maintain an action for damages thereto, by reason of the lawful construction of a railroad where no parts of the premises are taken by the railroad right of way, and where

the only damage complained of is such as arises by reason of the construction of the railroad across a street which runs in front of plaintiff's property, and which street is obstructed by the construction of the railroad, at the point where said street is crossed."

After reviewing the facts the court said:

"From this it will appear that no part of the plaintiff's property has been taken, and that damage sought to be recovered is for a consequential injury which affects all persons in the vicinity alike, except possibly in the degree of injury believed to have been sustained, because of the construction of a line of railroad along a public street of the city"—

and affirmed the judgment of the lower court sustaining a demurrer to plaintiff's petition. There is no difference in principal in that case and the case at bar. In that case the damage sued for was alleged to have accrued to plaintiff's property from the construction of the railroad across a street which ran in front of plaintiff's property some distance away. In the case at bar the damage sued for is alleged to have accrued to plaintiff's property from the construction of a railroad across an alley, which runs behind plaintiff's property a few feet away. Following the holding of the court in that case we are constrained to hold in this case that the injury was consequential, for which no recovery can be had.

It is unnecessary to multiply authority on this point, but we quote from one and cite others. In *Rochette v. Chicago, Milwaukee & St. Paul Railroad Company*, 32 Minn. 201, 20 N. W. 140, the court said:

"The question in this case is whether the complaint stated a cause of action. The facts alleged are: That plaintiff is the owner of lots 49, 50, and 51, of Daly's subdivision of block 2 of Stinson, Brown and Ramsey's addition to St. Paul, on which are situated two houses, one of which is occupied by himself and the other by his tenants; that these houses are so situated that, previous to the acts complained of, plaintiff's best, most convenient, and usual means of access to and egress from his said houses was by way of Duke street on the west, and Grace street on the south, by and through which he was accustomed to reach Fort street, and his place of business in St. Paul; that this means of access and egress was short and convenient and greatly used by him; that the de-

fendant has built and is operating a railroad immediately adjoining said real estate of plaintiff, and within three feet of his south line; that in building said road defendant excavated to the depth of seven feet across Duke street and in and upon Grace street. whereby defendant obstructed and interfered with and prevented the use and enjoyment of said streets by plaintiff, and he had been acustomed and was entitled to use and enjoy the same, and cut off and prevented his use of this means of access to and egress from his property, and compelled him to seek and use a much less convenient and accessible route, greatly to his loss and damage. It will be observed that there is no allegation that any of plaintiff's property has been taken, or that the *corpus* of it has been in any way physically touched or disturbed. Neither is it alleged that the act of defendant in making this excavation on these streets is unlawful, nor that the part of the street upon which it is done abuts plaintiff's premises; in fact, it is conceded that it is not. Nor is it alleged that the excavation has been improperly or negligently done. There is no claim that this excavation cuts off plaintiff from all means of access and egress to and from his premises— simply that it cuts him off from the most convenient means, and compels him to resort to others which are less convenient. The injuries therefore which he suffers are not special to himself, but such as are sustained in common with the public, possibly greater in degree, but the same in kind"—

and affirmed the judgment of the lower court sustaining a demurrer to the complaint.

*In re Melon Street,* 1 Pa. Super. Ct. 63°; *Bradley v. N. Y. & N. H. Ry. Co.,* 21 Conn. 293; *Buhl v. Front St. Co.;* 98 Mich. 569, 57 N. W. 829, 23 L. R. A. 392.

Paraphrasing a portion of the opinion in *Scrutchfield v. Choctaw, etc., Ry. Co., supra,* we conclude that authorities might be multiplied almost without limit that where, as in this case, no part of plaintiff's property has been taken, the alley upon which it abuts is not interfered with, and his only grievance consists in not having free and unobstructed access to said property in one direction, all other alleys of the city being open and unobstructed, he suffers no other or different kind of grievance or damage than such as is common to the general public, and he cannot recover.

There is no conflict between this case and *Foster Lumber Com-*

*pany v. Ark. Valley & Western Ry. Co.*. 20 Okla. 583, 95 Pac. 224. There the court held that an abutting owner whose means of access to his property had been materially interrupted by the building of a railroad in front of his property, the same being an invasion of an easement, might recover. In the case at bar no such question is involved.

We are therefore of the opinion that the special findings show a state of facts inconsistent with the general verdict, in that they do not justify a judgment for $350 for depreciation in value of plaintiff's property, caused by the closing of the alley, and for that reason the cause is reversed, with directions to enter judgment in favor of plaintiff and against defendant for $150, for injury done to the front of plaintiff's property and for costs.

Kane, C. J., and Dunn and Hayes, JJ., concur; Williams, J., dissents.