## CITY OF SHAWNEE et al. v. ROBBINS BROS. TIRE CO. et al.

No. 18763. Opinion Filed Dec. 11, 1928.

F. H. Reily, City Atty., for plaintiffs in error.

Waldrep & Jones, for defendants in error.

DIFFENDAFFER, C. This is an action begun in the superior court of Pottawatomie county by defendants in error, plaintiffs below, against plaintiffs in error, defendants below, resulting in a decree perpetually enjoining the defendants below from enforcing or attempting to enforce the provisions of section 39 of an ordinance theretofore adopted by the city of Shawnee, which section reads as follows:

"All persons, copartnerships, or corporations, operating drive-in places for any business and having driveways across the sidewalk, shall be required to pay $1 per annum per foot for the entire width of such drive-in places or driveway. All persons, firms and individuals or corporations owning or leasing business house in the city may, under the direction of the mayor, have certain parking spaces marked off in front of their business place for the parking of cars by their customers, provided that such reserved space shall not be wider than 50 per cent. of their frontage, and such persons, firms, individuals, or corporation, shall be required to pay $1 per foot per annum for such reserved space, and it shall be unlawful for any other than a customer of said firm, person, individual or corporation reserving such space to park a motor vehicle therein; provided, that it shall be unlawful for any motor vehicle to be parked in such space longer than two hours, with or without the consent of the person, firm, individual, or corporation having reserved said parking space."

The section of the ordinance is assailed as being void on some nine different grounds, but the one principal ground relied upon is reduced to one proposition, viz.:

"A municipality has no power or authority

to levy a tax or impose a license on any person, except a public utility, for the use of such public street or any driveway from private property to such streets or avenue."

The plaintiff in error presents but one assignment of error, to wit:

"The court erred in rendering judgment in favor of the plaintiffs and against the defendants, and in granting the permanent injunction herein."

Under this assignment, plaintiff in error presents the single proposition that the city has the right to charge a rental for filling stations using the sidewalks and adjacent curbing, and in its brief says:

"The purpose of this ordinance was to charge a rental for filling stations who were using the sidewalks and the adjacent curbing to the exclusion of all other persons who might desire to park their cars adjacent to the filling station, and thereby preventing the monopoly of the street by the filling station and to conserve space."

Upon this proposition, the only cases cited are: St. Louis v. Western Union Telegraph Co., 148 U. S. 92; City of Memphis v. Postal Telegraph Cable Co., 145 Fed. 602, and Tacoma Safety Deposit Co. v. City of Chicago (Ill.) 93 N. E. 153.

We have carefully examined these cases, and as to the first two, we think they have no application to the instant case.

The rule announced in St. Louis v. Western Union Telegraph Co., supra, and followed in City of Memphis v. Postal Telegraph Cable Co., supra, and a number of cases cited in the opinion in the latter case is, in effect, that a municipal corporation has the right to impose a reasonable charge upon a telegraph or telephone company as compensation for the space occupied in its streets by the telegraph or telephone poles.

In those cases the controversy was not between the municipal corporation and an abutting property owner, nor were the telegraph or telephone companies claiming any rights as abutting property owners.

In the other case cited by plaintiff in error, Tacoma Safety Deposit Co. v. City of Chicago, supra, it was held:

"Where the fee in a street rests in the abutting owner, the city cannot require such owner to pay rent for use of a subway constructed under the surface of the street by such owner, since it would be the imposition of an additional servitude upon the fee, and amount to a taking of property without due process of law, or without paying the owner due compensation therefor."

"Where the fee in streets is in the city, or in the state, and held for the use of the city, the city may by ordinance require persons who use subways beneath sidewalks adjoining their property to pay for the use of such space."

In that case, the action was to enjoin the city of Chicago from enforcing the provisions of an ordinance requiring the payment of an annual rental or tax by the abutting owner for the use of space under the sidewalk. The property was on a corner, thus abutting two streets. The fee of one street was in the city and the other in the abutting property owner, who sought the injunction. The ordinance was upheld as to the street the fee to which was in the city, and held invalid as to the street the fee of which was in the abutting owner. There the rights of the respective parties were held to turn on the question of who owned the fee in the street, it being said the "controlling question is, Where rests the fee to the portion of streets abutting complainant's property?"

It is contended by defendants that, under the agreed statement of facts, the fee to the streets upon which the lots of the several plaintiffs abut is in the city of Shawnee, and that the principle applied in Tacoma Safety Deposit Co. v. City of Chicago, supra, is controlling; and applying that principle, the city would have the right to enforce the charge provided in the ordinance. The facts in that case and the nature of the right claimed by the abutting owner being so different from those in the instant case, we do not think the rule there announced is applicable here. There the abutting owner was contending for the right to use space under the sidewalk in front of its lot, not as a means of ingress and egress to and from its property for itself and its customers, but in carrying on its business. The right to use the surface of the street was not involved. The space for use of which the city was contending for the right to charge the abutting owner was under the sidewalk, and was not such as could be used by the general public for the purpose of travel and transportation. Here the right to use the surface of the street for ingress and egress by the abutting owners and their customers is involved. In such cases, we think a different rule applies, and that the rights of the respective parties do not depend upon the question of who owns the fee.

Whatever title the city of Shawnee has in or to the streets abutting the property of

the several plaintiffs is held in trust for the public. Section 4474, C. O. S. 1921. This is true whether the fee be in the city or in the abutting owner. Sears v. City of Chicago, 247 Ill. 204, 93 N. E. 158.

As we shall presently see, whatever rights the abutting owners have in the streets, so long as the public has the right to use them for the purpose of travel and transportation, they are entitled to exercise and enjoy, whether the fee be in the city or in the abutting owner.

As to the rights of abutting owners in general, the rule is stated in 44 C. J. p. 942, as follows:

"An abutting owner has two distinct kinds of rights in the street—the public one which he enjoys in common with all citizens, and private rights which arise from his ownership of contiguous property. An abutting owner has these special rights, even though the fee of the street is in the municipality. They are appurtenant to the possession and use of the abutting property, and they follow and inhere in the property when leased. An abutter's particular proprietary rights begin with those of the public when the street is opened to use."

On page 943 of the same volume, the limitation of such rights is stated as follows:

"The rights of an abutting owner are subject to such reasonable use of the street, not inconsistent with its maintenance as a public highway, as may be necessary for the public good and convenience, not seriously impairing his right."

The text as to the general rule is supported by authorities cited from some 38 states, including Oklahoma. See Schrutchfield v. Choctaw Ry. Co., 18 Okla. 308, 88 Pac. 1048.

As to the right of ingress and egress, the rule is stated in the same volume, 44 C. J. p. 943, as follows:

"The abutting owner has the right to ingress and egress to and from his lot over and by means of the adjacent portion of the street. This right exists whether the abutter owns the fee to the center of the street leaving the public merely an easement of passage, or whether the title to the entire highway is vested in the public. The right of access is appurtenant to the lot and is private property, and passes to the lessee of the property while he is in lawful possession. It may be exercised to persons traveling on highways."

And, again, at p. 945, as to entrance by driveway, it is said:

"The right to an entrance or driveway from the street or other public way to the premises of the abutter while subject to reasonable regulation cannot ordinarily be denied."

And as to the right to maintain a driveway in connection with the business of filling and service stations, the rule is stated in 42 C. J. p. 1305, as follows:

"The right of the owner of a filling station which faces on two streets, to have an entrance including a driveway across the sidewalk to the street most traveled, is a property right, of which he cannot be deprived by the municipality without just compensation."

In the case of Louis Brownlow et al., Com'rs of District of Columbia, v. O'Donoghue Bros., 276 Fed. 636, 22 A. L. R. 939, it was held:

"The right of one maintaining a filling station for automobiles to maintain an entrance across the sidewalk to his property for the use of automobiles is property which cannot be destroyed by the public authorities without compensation."

In the body of the opinion, the court quotes, with approval, from Dill. Mun. Corp. (4th Ed.) pars. 587b, 656a, the following:

"For example, an abutting owner's right of access to and from the street subject only to legitimate public regulation, is as much his property as his right to the soil within his boundary lines. * * * When he is deprived of such right of access, or of any other easement connected with the use and enjoyment of his property, other than by the exercise of legitimate public regulation, he is deprived of his property."

Again:

"It was further seen that he had certain rights not shared by the public at large, special and peculiar to himself, and which arose out of the very relation of his lot to the street in front of it; * * * and that these rights, whether the bare fee of the streets was in the lot owner or in the city, were rights of property, and as such ought to be and were as sacred from legislative invasion as his right to the lot itself."

In 13 R. C. L. p. 42, par. 125, the rule is stated as follows:

"Regardless of whether the fee of the street or highway is in the abutting owner, or in the public, such an owner has a special easement therein for the purposes of ingress and egress, which is property as much as the abutting lot itself, and which cannot be taken away or materially impaired or interfered with even under legislative authority without compensation to him therefor."

"It follows as a consequence of the ex-

istence of this easement that an abutting owner has a right to construct a driveway or other suitable approach in front of his premises, from his land to the traveled part of the highway if done in such a way as not to interfere with the rights of the public. * * *"

We think under the foregoing authorities, the contention of defendants cannot be upheld. The rights contended for by plaintiff being rights of property, and as such as sacred as the right to the lots themselves, the plaintiffs cannot be compelled by the city to pay a tax or charge for the exercise of this right.

We think, however, that the right of the public to use the streets for the purpose of travel and transportation is the paramount right. This statement of the law will be found in 44 C. J. p. 946, where it is said:

"The right of the public to use the streets for purposes of travel and transportation is the paramount one, and that of the abutter to occupy them for other purposes is a permissive and subordinant one. The general rule is, that while abutters may use the street in any manner not inconsistent with the rights of the public, they cannot so use it as to obstruct, or encroach upon, the public easement or the rights of other abutting owners. While abutting owners have a right pertaining to their business, or their occupancy or ownership of the premises, they have no right to appropriate any portion of the street to their exclusive use in carrying on their business, although sufficient space is left for use or passage of the public."

We are, therefore, of the opinion that the city may within reasonable bounds regulate, but not entirely destroy, the right of the abutting owners to maintain driveways across and over the sidewalks, but that the right of ingress and egress of the abutting property, under reasonable regulations, is a right appurtenant to the lots, and is private property, and that the city of Shawnee is without power to compel the abutting owner to pay a tax or fee for the exercise of this right.

As to the validity of that part of the section which provides for the setting apart and marking off not to exceed 50 per cent. of the frontage of business places, on request of the owners or lessees for the exclusive use of customers of such owners or lessees for parking purposes, and prohibiting the use thereof for such purpose by persons other than customers of those having such space reserved, and charging the owners or lessees therefor, we express no opinion, as the validity of that provision is not questioned in this action.

We think, however, the permanent injunction as it stands is too broad. The decree should be upheld and affirmed in so far as it enjoins the plaintiffs in error from collecting or attempting to collect the fee or tax provided in said section, either directly or indirectly. But we think that part of the order which provides:

"Said defendants, and each of them, are further enjoined from molesting or interfering with the said plaintiffs or their customers in the free, undisturbed and unobstructed use of the streets along and in front of their respective businesses for the purposes of ingress and egress, and that said defendants are further enjoined from interfering with rights to the streets along and in front of said places of business, or to molest or restrain the customers of the said plaintiffs herein in going to or coming from said places of business"

—should be modified so as to read: Said defendants and each of them are enjoined from molesting or interfering with said plaintiffs in the reasonable use of the streets along and in front of their respective places of business for the purposes of ingress and egress by themselves or their customers.

And so modified, the judgment and decree should be affirmed.

TEEHEE, LEACH, HERR, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.