## COY v. CITY OF TULSA et al.
### No. 1566.

District Court, N. D. Oklahoma.
Feb. 8, 1933.

D. B. Crewson and Joseph A. Gill, both of Tulsa, Okl., for plaintiff.

H. O. Bland, O. H. Searcy, Bert E. Johnson, and C. L. Hamilton, all of Tulsa, Okl., for defendant City of Tulsa.

M. D. Green and Eric Haase, both of Muskogee, Okl., and C. S. Walker, of Tulsa, Okl., for defendant Missouri, K. & T. Ry. Co.

FRANKLIN E. KENNAMER, District Judge.

The plaintiff instituted this action in the District Court of Tulsa county, Okl., to recover damages alleged to have been sustained by reason of the closing of North Maybelle avenue between Cameron and Easton streets within the city of Tulsa. The cause was removed to this court by the defendant Missouri, Kansas & Texas Railroad Company, a corporation. Defendants have separately demurred to the plaintiff's petition on the common ground that no cause of action is stated. The petition discloses that the plaintiff is the owner of lots 6, 7, and 8, Owen addition, within the city of Tulsa, and located on the east side of Maybelle avenue between Cam-

eron and Easton streets, north of and adjoining the right of way of defendant railroad company. The location of the plaintiff's property with reference to the closed street is indicated by the following plat:

he has sustained an injury different in kind, and not merely in degree from that suffered by the public at large.

13 R. C. L. page 73, § 65; Scrutchfield v. Choctaw, O. & W. R. Co., 18 Okl. 308, 88 P.

It appears from the allegation of the plaintiff's petition that for a long time prior to February 22, 1930, North Maybelle avenue between Cameron and Easton streets was open to the public for general use as a public highway. The petition charges that the defendant railroad company on February 22, 1930, with the knowledge and consent and under appropriate action on the part of the constituted officials of said city blocked and cut off the plaintiff's use of the street by driving large and heavy steel or metal pipes into the said street and across the full width thereof on each side of the railroad line of said defendant railroad company, and that said pipes were driven on the edge of the railroad right of way across said street, all of which resulted in damage to the plaintiff's property. The lots of the plaintiff have been improved by the erection of residential houses thereon and the closing of the street has deprived the plaintiff of approach to his property from the south over the right of way of the railway company. In fact the property of the plaintiff according to the allegations of the petition is left fronting on a cul de sac. Counsel for the defendant city contend that the damages alleged to have been sustained are of a kind for which it is not liable under the well-settled rule that for the vacating or the closing of a street a property owner is not entitled to recover damages unless

1048, 9 L. R. A. (N. S.) 496; Choctaw, O. & G. R. Co. et al. v. Hamilton (C. C.) 182 F. 117; Choctaw, O. & W. R. Co. v. Castanien, 23 Okl. 735, 102 P. 88; 44 C. J. page 442. The authorities practically with unanimity sustain the right of recovery where the abutting owner as a result of the closing of a street has sustained special injury. City of Shawnee v. Robbins Bros. Tire Co., 134 Okl. 142, 272 P. 457, 66 A. L. R. 1047; Lewis on Eminent Domain (3d Ed.) vol. 1, p. 177, § 120. As stated in vol. 4, McQuillin Municipal Corporations (2d Ed.) § 1525: "It is easy to state this rule but much difficulty has been experienced by the courts in applying it because of disagreement as to what constitutes such a special injury as described above. The cases may be divided into (1) those where the one claiming damages owns property abutting directly on the part of the street vacated, and (2) those where he owns property abutting on the same street but not on the part of the street vacated, or property on another street."

The writer of this splendid work on municipal corporations calls attention to the unanimity to which a recovery is sustained in the first class of cases, but as to the second class there is a sharp division in the authorities. Counsel for the city here rely strongly upon the Oklahoma cases of Scrutchfield v. Choctaw, O. & W. R. Co. and Choctaw, O. &

W. R. Co. v. Castanien, supra. These cases support the rule as contended for by the city, but it must here be observed that these cases were decided upon controversies arising prior to the adoption of the Oklahoma Constitution. An examination of these authorities disclose that the decisions rest largely upon the proposition that there can be no recovery for consequential damages. Necessarily to a proper determination of the rights of the plaintiff here to recover consideration must be given to section 24, article 2, of the Oklahoma Constitution, which provides: "Private property shall not be taken or damaged for public use without just compensation." No case by the Oklahoma Supreme Court has been called to my attention considering the exact case presented here by the plaintiff. In the case of McKay v. City of Enid, 26 Okl. 275, 109 P. 520, 523, 30 L. R. A. (N. S.) 1021, Mr. Justice Hayes said: "The authorities generally hold that the injury resulting from an obstruction in a street or public highway in front of an abutting owner's property which interferes with his ingress or egress to and from his property is a special injury to him; and many authorities hold that, although the obstruction be not in front of the abutting property, if it be in such proximity to it upon the street or highway upon which the property abuts, that the abutting owner's use and enjoyment of the property is destroyed or greatly interfered with, and its value depreciated, this injury is special and peculiar to him. And it has been held that injury to property, the access to which has been interfered with by an obstruction, although the property be not adjoining the highway or street upon which the obstruction exists, if such street or highway is the owner's only means of access to the property, is a special injury and the owner may recover therefor."

In the McKay Case, supra, the judgment of the trial court in sustaining a demurrer to the petition was affirmed, but following the above quotation, the opinion further stated: "But the facts in the case at bar do not bring it within any of these classes. Plaintiff's property does not abut upon any of the streets obstructed. It abuts only upon public highways into which said streets lead. He has no private easement in the streets obstructed, such as an abutting property owner has; his right therein, violation of which he complains, is one common to all the public."

[1] The rights of the owner of property abutting upon a street are enumerated in 4 McQuillin Municipal Corporations (2d Ed.) § 1426, as follows: "(1) The right of access,

often referred to as that of ingress and egress; (2) the right of light and air; (3) the right of view; (4) the right to have the street kept open and continued as a public street for the benefit of their abutting property; (5) as stated in a recent New York decision, whatever adds to the value of the street to the abutter."

These rights of an abutting owner differ from the rights of the general public in the street. State ex rel. Pressler v. Superior Court, 141 Wash. 71, 250 P. 466; City of Shawnee et al. v. Robbins Bros. Tire Co., 134 Okl. 142, 272 P. 457, 66 A. L. R. 1047.

The difference between the use of the street for access to his property as a right inhering in an abutting property owner and the right of the use by the general public in the street, is aptly stated in Sandstrom v. Oregon-Wash. Ry. & Nav. Co., 75 Or. 159, 146 P. 803, 805, where Justice Burnett said:

"In common with the general public residing in other parts of the city or state, he had a right to travel along Newark street without let or hindrance. For the invasion of the mere right to travel, as thus far stated, he is barred from recovery by the municipal legislation mentioned; but, as he passed along the street with other members of the general public, he had a privilege which no other person possessed, to wit, that of entering upon his close from that street, and prior to the construction of the road, in the exercise of his prerogative, he could approach his premises from the east as well as from the west. The defendant is in the position of saying to him in substance:

"'Although you had the right, before we came upon the ground, to go to your residence both from the east and from the west along Newark street, yet in our judgment it is enough for you if you can reach it from the west, and we will therefore appropriate your eastern approach for ourselves.'

"This is a palpable invasion of the plaintiff's right of access to and egress from his premises. If it is sound in principle to allow this without compensation in damages, the company could as well take from him both approaches."

In the case of Oil Fields & Santa Fe R. R. Co. v. Treese Cotton Co., 78 Okl. 25, 187 P. 201, it was held that impaired access was a recoverable element of damages where the obstruction in a street, though not in front of abutting property, was in such close proximity thereto that the abutting owner's use and enjoyment was greatly interfered with and its value depreciated.

Since the adoption of the state Oklahoma Constitution, the right to recover damages for injuries arising from the exercise of the right of eminent domain which causes a diminution of the value of private property has been sustained. See City of Tulsa v. Horwitz, 131 Okl. 63, 267 P. 852. In construing section 24, article 2, of the Oklahoma Constitution, it was held in the City of Tulsa v. Hindman, 128 Okl. 169, 261 P. 910, 911, 55 A. L. R. 891, that an abutting property owner was entitled to recover damages caused by the widening of a street which consumed practically all the space theretofore set apart for a sidewalk. In this case the court said: "Many of the cases, in denying relief against a municipality in certain cases where the legal discretion apparently might be exercised in either direction, have denied relief on the principle of 'damnum absque injuria,' and have cited as illustrations of this the erection of a jail, pesthouse, hospital, cemetery, and the like, at or near the property affected, although such establishments necessarily result in a depreciation of neighboring property. Even in cases of this nature our court has exploded that rule in the case of Oklahoma City v. Vetter, 72 Okl. 196, 179 P. 473, 4 A. L. R. 1009."

In many cases where a constitutional provision appears to be similar to that of Oklahoma, it has been held the owner of property not abutting on the closed section is entitled to recover such damages as he may have sustained on account of the vacation, or the closing of a street where under the circumstances he may be regarded as having sustained special damages from that of the public generally. See Chicago v. Baker (C. C. A.) 86 F. 753; Id. (C. C. A.) 98 F. 830; In re Hull, 163 Minn. 439, 204 N. W. 534, 205 N. W. 613, 49 A. L. R. page 330. I am fully in accord with the statement in the case of Spang & Co. v. Commonwealth, 281 Pa. 414, 126 A. 781, to the effect that an abutting owner's special right in a street as a means of access to his property is not limited to the part of the street on which the property abuts, but his right is that of reasonable access in either direction which the street permits. The contention that the right to recover is dependent upon the property abutting upon the closed part of the street is unsound and the test is not whether the property abuts but whether there is a special injury. See vol. 4, McQuillin (2d Ed.) 1526. This author is in accord with the better rule as announced by Lewis' Eminent Domain (3d Ed.) § 246, as follows: "The more reasonable rule is that the owner of a lot on a street in a city or town has a private right of access in both directions which extends as far, at least, as the next connecting highway."

I conclude that the petition states a cause of action against the defendant city, but that the demurrer as to the defendant railroad company should be sustained. The closure of the street was by appropriate action on the part of the city officials acting under statutory authority, and not by the railroad company under the power of eminent domain. See 20 C. J. page 1128. If the city here exercised its power under statutory authority in favor of the public and for its benefit in closing the street in order to abrogate a grade crossing within the city limits, it is the agency to respond in damages. It was held in the case of Banister v. Atchison, T. & S. F. R. R. Co., 129 Kan. 302, 282 P. 751, that where the railway company placed posts on its right of way across a street which had been vacated by city ordinance, the railway company could not be held liable in damages. The demurrer by the city is overruled, and as to the defendant railway company sustained.