## THOMAS v. FARRIER.

No. 26626.    Jan. 26, 1937.

Rehearing Denied March 2, 1937.

Marshall W. Hinch and D. H. Cotton, for plaintiff in error.

N. C. Barry, for defendant in error.

PER CURIAM. This is an action filed November 22, 1934, in the district court of Ottawa county, Okla., by Elmer Farrier. The facts are that Orchard Heights subdivision of lot 6 of Finley addition to Miami, Okla., was platted on the 24th day of October, 1917, and filed for record in the office of the county clerk of Ottawa county, Okla., by which plat the owners dedicated to the public a strip of land 30 feet wide, extending east and west along the south boundary of said addition; that said Orchard Heights subdivision was legally vacated December 31, 1919; that in March, 1917, DeVilliers subdi-

vision of lots 4 and 5 of Finley addition was platted and the plat filed for record in the office of the county clerk of Ottawa county, Okla., which addition dedicated a 30-foot strip for road purposes along the north edge thereof, immediately south of, and contiguous to, the 30-foot strip for road purposes dedicated in the Orchard Heights subdivision; the defendant, Thomas, on or about March 24, 1917, became the owner of lot 1, block 1 in said DeVilliers subdivision abutting on the south 30-foot strip of road in question, for a distance of about 260 feet from the east end thereof and extending west to a point opposite about the middle of the south line of plaintiff's property. For awhile thereafter the whole of the DeVilliers subdivision was enclosed by wire fence, and the disputed strip was not open to public travel, but shortly thereafter defendant graded and graveled a driveway along the south part of the disputed strip running west from the main highway which runs north and south along the east edge of plaintiff's and defendant's properties, and shortly thereafter other persons occasionally used the 30-foot strip for road purposes, some of whom secured defendant's permission, and some of whom did not, and before very long the road was generally used by the public; that on September 26, 1925, the plaintiff purchased the south one-half (S.½) of lot 6 in Finley addition to Miami, Okla., which tract abutted on the north the 30-foot road in dispute, and which tract extended from east to west 623.2 feet and he used said road for ingress and egress to and from his property, the entrance to his garage and coal building opening on this road to the south; Highway 66, a main thoroughfare, extended north and south along the east edge of plaintiff's and defendant's properties, into which highway the 30-foot road in question entered from the west; that on the 20th day of November, 1934, the defendant erected posts along the north edge of the 30-foot strip in question and along the south edge of plaintiff's property, so that plaintiff could not enter his garage from said road, and across the east end of said 30-foot road so that plaintiff could not enter highway 66 on the east by means of said 30-foot road, and erected a sign reading, "Road Closed Vacated." Plaintiff then filed this action in the district court of Ottawa county, Okla., seeking an injunction against defendant closing said road and interfering with plaintiff's ingress and egress to and from his property. After defendant's demurrer was overruled, he filed an answer stating that said DeVilliers subdivision of Finley addition had been vacated by the board of county commissioners, including the vacating of all roads, streets, and alleys in said addition, and alleging that the plaintiff had other means of ingress and egress to and from his property; the case came on for trial, and after the evidence was all in and the case taken under advisement by the court, the defendant filed a purported vacation of said plat attempting to vacate the road in question. This vacation was signed by all of the owners of property in said subdivision. The defendant was permitted to reopen the case and introduce said vacation of plat in evidence over plaintiff's objection. Findings of fact and conclusions of law were requested and the court made his findings of fact, which were substantially the same as the facts hereinabove stated, holding, in addition, that the plaintiff suffered a special damage in addition to the damage suffered generally by the public in the obstruction of said highway, and granted a permanent injunction against the defendant.

From said judgment, defendant appealed to this court. It should be stated that this property was all outside the city limits of Miami, Okla., and it should be further stated that the petition to vacate block 1 of DeVilliers subdivision, and upon which the board of county commissioners acted in attempting to vacate said plat and highway, was signed by four property owners.

The plaintiff in error, while assigning numerous grounds as error in his petition in error, groups and briefs them in three general heads: (1) That the plaintiff had no right to maintain this action; (2) that the street in controversy was not dedicated to, and accepted by the public, and was legally vacated; (3) that the plaintiff was not entitled to equitable relief. We shall discuss these points in the order named.

The first contention requires little comment, for it has been definitely settled by this court. Section 11498, O. S. 1931, provides:

"A private person may maintain an action for a public nuisance, if it is specially injurious to himself, but not otherwise."

The recent case of Siegenthaler v. Newton, 174 Okla. 216, 221, 50 P. (2d) 192, 198, says:

"Section 11498, of the Oklahoma Statutes 1931, provides that a private person may maintain an action to abate a public nuisance if it is specially injurious to himself, but not otherwise. This is the general rule, both by statute and under the common law. * * *

"Where a highway affords an abutting landowner a way of ingress and egress to and from his property, he may maintain an action to enjoin any obstruction in such high-

way where the same cuts off or materially affects his said way of ingress and egress, notwithstanding he has, by virtue of another highway abutting his property, another equally good or better way of ingress or egress. The right of a citizen to pass over a public highway, even though it be one upon which his property abuts, is an entirely different thing from his use of a highway upon which his property abuts as a means of ingress and egress to and from his property. The former is a right of the general public, but the latter is a right peculiar to the property owner, which he may protect by either an action for injunction or for damages. Therefore, inasmuch as the strip of ground involved herein affords the plaintiffs a way of ingress and egress to and from their property, the same gives them a special interest in said strip of ground, which justifies them in maintaining an action to remove any obstructions so placed in and upon said strip of ground as to cut off their said ingress and egress to and from said property, although they have, by virtue of the highway along the west side of their property, an equally good or better way of ingress and egress to and from the same."

In the case of Siegenthaler v. Newton, supra, this court quotes with approval the following from the case of Mackey v. Aycock, 83 Okla. 175, 201 P. 365:

" 'The owner of land abutting upon a public highway one end of which is obstructed in front of his premises so that he cannot have free egress and ingress over it to and from his land suffers a special injury which entitles him to maintain an action to enjoin such public nuisance.' "

In the case of Siegenthaler v. Newton, supra, this court also quotes with approval from the case of Foster Lumber Co. v. Arkansas Valley & Western Railroad Co., 20 Okla. 583, 95 P. 224, 226; 100 P. 1110, 30 L. R. A. (N. S.) 231:

" 'Plaintiff has. by virtue of its ownership of said lots, an interest in street A on which said lots abut, and a right therein common with the public to pass over the same as a public highway. In addition thereto it has a special right in said street not common to the public, to wit, the right of ingress and egress over the same to and from its lots. * * *

" 'Plaintiff, in the case at bar, by virtue of its ownership of said lots, had the right of access over A street to the same. Such a right is one peculiar to itself, in which the general public has no interest, and exists in the nature of an incorporeal hereditament attached to said lots, and is a valuable property right, one that, under some circumstances, may constitute the greater element of value of the abutting property and is one that cannot be taken away or materially impaired without compensation. Elliott on Railroads, par. 1085. * * *

" 'We can see no reason that will justify the taking of one's special property right on one street because he may have a special property right in another street. If the plaintiff's property in this case is situated upon a corner of a block, and therefore adjacent to two streets, he has a right of ingress and egress to and from said property over both streets; and he who obstructs this access from one street and deprives the owner of the property of such property right cannot relieve himself of liability by pleading that the owner of the property may reach his property from another direction. The accessibility of one's property may in some instances constitute a great part of its value, and to permit a material impairment of his access would result in the destruction of a great part of the value of his property, and his property is therefore as effectually taken as if a physical invasion was made thereon and a physical injury done thereto'."

As to the contention of the plaintiff in error that the street in controversy was not dedicated to and accepted by the public, and was legally vacated, the evidence shows that the street was dedicated in the plat, which was filed of record, and that it was then used by the public for many years. The statement of plaintiff in error that it was necessary that a public acceptance or an official acceptance of the dedication of the highway was necessary to make it binding, we think is answered by the opinion of this court in Siegenthaler v. Newton, supra, which holds:

"The defendant argues at considerable length that, before there could be a dedication of the strip of ground in controversy as a public street or highway, it was necessary that the same be affirmatively accepted, either by words or acts, by the public authorities, but this contention is foreclosed by the decision of this court in the case of Revard v. Hunt, 29 Okla. 835, 119 P. 589, in which it was held: 'When lots are sold with reference to a recorded plat, a dedication of the streets and alleys as laid out in such plat is deemed perfect without any affirmative official or other action on the part of the municipality or public.'

"The opinion in the foregoing case was written by Justice Dunn, and it cites numerous authorities in support of the above rule. In the body of said opinion it is said: 'No official affirmative action on the part of the city was necessary, as the right vested in the public by some of its members purchasing lots in accordance with the plat.'

"In Kingfisher Improvement Co. v. City of Waurika et al., 96 Okla. 83, 220 P. 919, it was held: 'The plaintiff corporation owned the lot in front of which the defendant city

sought to have constructed a sidewalk under authority of article 13 of chapter 29, C. S. 1921, which fronted on Meridian street. It had theretofore owned many other lots near it and fronting on same street, which had been sold by plaintiff corporation to divers persons, and described "according to the recorded plat thereof," which showed the street fronting the lot in question. Held, such conveyances were tantamount to a dedication of the street to the public, whether accepted or not'."

With reference to the purported vacation to the plat of DeVilliers subdivision, the evidence shows that the petition presented to the board of county commissioners was signed by only four property owners instead of twelve freeholders as provided by section 10143, O. S. 1931, and no notice whatever was given, in accordance with section 10143, O. S. 1931, all of which made such proceedings a nullity.

The purported vacation of plat, signed by all of the owners of lots in said subdivision, could not vacate the public highway, even though it was desired to vacate the subdivision. Again quoting from Siegenthaler v. Newton, supra, this court said:

"We quoted above section 6141 of the Oklahoma Statutes 1931, and it will be seen therefrom that the dedication of a highway to the public vests in it the fee-simple title thereto. Marland v. Gillespie, 168 Okla. 376, 33 P. (2d) 207. That seems to be the general rule as to the effect of a statutory dedication. McQuillin on Municipal Corporations (2d Ed.) vol. 4, sec. 1726. While certain provisions of article 7, chapter 33, Oklahoma Statutes 1931 (section 6137 et seq.) provide for the vacation, under certain conditions, of recorded plats, both in whole and in part, section 6151 of said Statutes, being one of the provisions of said article 7, chapter 33, provides in part: 'That nothing contained in this article shall authorize the closing or obstructing of any public highway laid out according to law.'

"Our conclusion upon the instant question is also in line with the holding of this court in the case of City of Tulsa v. Aaronson, 103 Okla. 159, 229 P. 596, in which it was held: 'Where an owner of outlying property plats it as an addition to a city and files his dedication of the streets and alleys, including a park, in the office of the county clerk as required by section 4473, C. S. 1921 (6140, O. S. 1931), such dedication conveys and warrants the entire title of the dedicator. Thereafter, the only way in which title to any portion of the streets, alleys, or public grounds shown in such dedication may be revested in the dedicator is by proceeding in the district court under sections 4481-4483, C. S. 1921 (sections 6149-6151, O. S. 1931)'."

Also sections 6150 and 6151, O. S. 1931, provide:

Sec. 6150. "Any plat of any town or city or addition thereto or any subdivision of land may be vacated by the proprietors thereof at any time before the sale of any lots therein by a written instrument declaring the same to be vacated, duly executed, acknowledged or proved and recorded in the same office with the plat to be vacated; and the executing and recording of such writing shall operate to destroy the force and effect of the recording of the plat so vacated, and to divest all public rights in the streets, alleys, common and public grounds laid out as described in such plat. And in cases where any lots have been sold the plat may be vacated as herein provided, by all the owners of lots in such plat joining in the execution of the writing aforesaid: Provided, that this section shall not be construed as applying to any of the territory included within the limits of any incorporated city or town created and organized under and by virtue of a special act of the Legislature."

Sec. 6151. "Any part of a plat may be vacated under the provisions and subject to the conditions of this article: Provided, that such vacating does not abridge or destroy any of the rights and privileges of other proprietors in said plat: **And provided, further, that nothing contained in this article shall authorize the closing or obstructing of any public highways laid out according to law."**

Plaintiff in error urges that because the highway in question was fenced in during the early part of its existence after dedication, it amounts to a nonuser. State ex rel. King, Atty. Gen., v. McCurdy, 171 Okla. 445, 43 P. (2d) 124, says:

"Nonuser of portion of public highway for less than fifteen years is insufficient to constitute abandonment in absence of clear evidence of intention to abandon."

Other citations in this opinion hold to the same effect. Turning to the third assignment of error, that plaintiff was not entitled to equitable relief, this is answered under our first proposition by that portion of the Siegenthaler v. Newton, supra, Case which says in part:

"The right of a citizen to pass over a public highway, even though it be one upon which his property abuts, is an entirely different thing from his use of a highway upon which his property abuts as a means of ingress and egress to and from his property. The former is a right of the general public, but the latter is a right peculiar to the property owner, which he may protect either by an action for injunction or for damages."

We have carefully read all of the cases cited by plaintiff in error, and find that they

are not in point or do not sustain the proposition contended for by the plaintiff in error.

A careful reading of the transcript discloses that there was competent evidence sustaining the findings of the trial court, and that being true, this court will not attempt to set them aside.

For the reasons given, the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys John H. Wright, Harris L. Danner, and Lee B. Thompson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Thompson and approved by Mr. Wright and Mr. Danner, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, GIBSON, and HURST, JJ., concur.