124

W. R. Bleakmore, W. L. Farmer, John Barry, Robert E. Lee, Cruce & Satterfield, W. T. Stratton, and Harlan T. Deupree, for plaintiffs in error.

Suits & Disney, for defendant in error.

HURST, J. The plaintiff, John W. Prigmore, owned four contiguous lots on the southwest corner of the intersection of Robinson avenue, running north and south, and Frisco avenue, running east and west, in Oklahoma City. These lots were fenced so as to make two lots facing east on Robinson avenue, and were rented to tenants engaged in the used car business for storage or sales lots. Plaintiff received a total of $200 per month for the rent of these lots.

On July 1, 1931, pursuant to order of the Corporation Commission, the defendants, the Rock Island & Pacific Railway Company and the St. Louis-San Francisco Railway Company, commenced the construction of an underpass on Robinson avenue about two blocks south of plaintiff's lots. They closed the street a block south of plaintiff's property by placing a detour sign on the south side of the intersection, so the street was open going east and west. Thus the free passage of traffic past plaintiff's lots was not cut off, but it did diminish the amount of traffic. On November 21, 1931, the detour sign was moved a block north and Robinson avenue was closed in front of plaintiff's property, although the traffic could still go past east and west on Frisco avenue. This condition remained until some time in January, 1932, when the detour sign was moved back to where it was in the first place, and Robinson was again opened to the next street as before. The record does not disclose the exact date in January when this was done. The underpass was then completed on February 29, 1932, and the streets were again completely reopened.

Plaintiff filed suit against the city and the two railway companies to recover damages for his loss of rents during the period when Robinson avenue was obstructed. He alleged that when the detour sign was first placed a block south, his tenants threatened to move out unless he reduced the rent to a total of $100 per month, which he did, and he therefore claims $416 for that period. He further alleged that when the street was closed in front of his lot, his tenants did move out, and he was not able to rent the property until the underpass was completed, and then for only $100 per month. He claims $650 damages for this second period. A jury was waived and the court gave plaintiff judgment for $1,000 against all the defendants. All three defendants have appealed to this court.

1. Defendants first contend that the court erred in not sustaining their demurrer to the evidence of plaintiff, for the reason that he is not entitled to recover for loss of rentals caused by the detour of traffic near his premises. Under section 24, art. 2. Okla. Const., providing that "private property shall not be taken or damaged for public use without just compensation," a recovery is authorized although there is no physical invasion of the property damaged. Chicago, R. I. & P. Ry. Co. v. Larwood (1935) 175 Okla. 96, 51 P. (2d) 508; Chicago, R. I. & P. Ry. Co. v. Jennings (1936)

175 Okla. 524, 53 P. (2d) 691. This is true even though the damage is temporary. Gledhill v. State (Neb.) 243 N. W. 909, construing similar constitutional provision; Vincent Bros. v. N. Y., N. H. & Hartford Ry. Co. (Conn.) 59 Atl. 491; 20 C. J. 740. However, this court has placed a well-defined limitation on the damages that are recoverable in actions of this nature. It is held that mere incidental inconvenience to an abutting property owner or an injury consequential in its nature, or one that is remote or far removed and such as is suffered by the community in general, is not recoverable. But, on the other hand, if the injury is different in kind from that suffered by the community in general and is such that the ingress and egress to and from plaintiff's property is cut off or materially affected, then he can be said to have suffered a special damage peculiar to himself for which an action will lie. Oil Fields & Santa Fe R. Co. v. Treese Cotton Co. (1920) 78 Okla. 25, 187 P. 201; Foster Lumber Co. v. Ark. Valley & W. Ry. Co. (1908) 20 Okla. 583, 95 P. 224.

Therefore, plaintiff is not entitled to any damages for loss of rents during the time when Robinson avenue was closed a block south of his premises, for in applying the rules above noted it appears well settled that a property owner cannot recover for the closing of a street in another block where he has adequate access to his property from both ends of the street, although traffic may be diverted away from his property. Under these circumstances he does not sustain a damage different in kind from the general public, but only different in degree. 49 A. L. R. 361. But plaintiff is entitled to recover for the damages sustained by reason of the obstruction during the period of time from November 21, 1931, to the date in January, 1932, when Robinson avenue was closed in front of his property. It does not matter that Frisco avenue running east and west past his property was open. Plaintiff's property was closed from this street by a fence which had been previously erected, and during this period of time his means of ingress and egress was materially interrupted and entirely cut off from Robinson avenue, so that he suffered a special and peculiar damage as a direct result of defendants' acts. Siegenthaler v. Newton (1935) 174 Okla. 222, 50 P. (2d) 192; Thomas v. Farrier (1937) 179 Okla. 263, 65 P. (2d) 526.

The defendants rely strongly on Oldfield v. City of Tulsa (1935) 170 Okla. 329, 41 P. (2d) 71, where a barber was denied recovery for loss of profits alleged to have been caused by the construction of a viaduct by the defendants. But in the case at bar, the recovery allowed for the time the street was closed in front of plaintiff's property is not for loss of profits, but for the depreciation in the rental value of the land. Chicago, R. I. & P. Ry. Co. v. Larwood, supra.

2. Defendants next contend that the evidence offered by plaintiff fails to support the judgment which allowed plaintiff to recover at the rate of $200 per month. We have held that plaintiff is entitled to recover only for the time that Robinson avenue was closed in front of his lots, and even as to that period of time, this contention is well taken. He was not using the property for his own business, but was renting it, and the measure of damages is the depreciation in the reasonable rental value caused by the closing of the street in front of his property during the period when it was thus closed. Gledhill v. State, supra; Vincent Bros. v. N. Y., N. H. & Hartford Ry., supra; Matney v. Chesapeake & O. Ry. Co. (Ky.) 185 S. W. 519; City of Corning v. Holmes, 167 N. Y. S. 746; City of Norwood v. Sheen (Ohio) 186 N. E. 102; 20 C. J. 740.

The judgment is reversed, with directions to grant a new trial and proceed in accordance with the views herein expressed.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY and PHELPS, JJ., concur.

Rehearing Denied May 25, 1937.