**ATCHISON, T. & S. F. RY. CO. v. TERMINAL OIL MILL CO. et al.**

No. 25070. June 1, 1937.

Rehearing Denied Sept. 21, 1937.

Charles H. Woods and Rainey, Flynn, Green & Anderson, for plaintiff in error.

Pierce, McClelland, Kneeland & Bailey and Suits & Disney, for defendant in error.

HURST, J. The controversy in this case arises out of the closing of a street by the elevation of intersecting railroad tracks, pursuant to an order of the Corporation Commission. The question to be determined is whether the owner of property abutting on the street adjacent to the tracks has a cause of action against the railway company, when a roadway has been built to afford a means of access around' the obstruction. The facts are as follows:

The Terminal Oil Mill Company operated a cotton seed oil plant in Oklahoma City adjacent to the crossing of Frisco avenue and the tracks of the Atchison, Topeka & Santa Fe Railway Company. The tracks ran north and south past the west side of the mill, and Frisco avenue ran east and west past the south side of the mill. The city of Oklahoma City entered into a contract with the railway company for the elevation of its tracks in which it was agreed that the railway company pay a certain part of the expense, and the city bear all expense resulting from changes in grades of streets. As the contract provided that it be subject to the approval of the Corporation Commission, a hearing was had before the commission to determine the location of the crossings, grades, and viaducts. At the hearing it was determined to elevate the tracks past Frisco avenue and permanently close the street at that point. But an underpass was ordered to be built a block south, where a street parallel to Frisco avenue crossed the tracks, and the railway company was ordered to build a roadway from the mill down along the tracks to this underpass. No appeal was taken from the order of the Corporation Commission and a railway 50 feet wide was constructed by the railway company, as directed. The Terminal Oil Mill Company then brought this action against both the city and railway company. The court sustained a demurrer to the evidence in favor of the city, but, upon the verdict of the jury, rendered judgment against the railway company for $27,500, from which this appeal was taken.

Defendant presents 31 assignments of error, in its petition in error, but in its brief complains only of the giving and refusal of certain instructions, and in support thereof advances two propositions. The assignments of error not covered by these propositions are waived. Harrington v. City of Tulsa (1934) 170 Okla. 20, 39 P. (2d) 120; Schuman v. Sternberg (1936) 179 Okla. 115, 65 P. (2d) 410.

1. It is first contended that the court erred in refusing to instruct the jury to return a verdict for the defendant railway company. In support thereof, the proposition urged is that the damages suffered by plaintiff were not special or peculiar to itself, but were of the same kind as suffered by the community in general, and differed only in degree.

Section 24, art. 2, of our Constitution provides that "Private property shall not be taken or damaged for public use without just compensation," and it is now well settled that a recovery will be allowed under this provision in a common-law action for damages, although there is no physical invasion of plaintiff's property, if he suffers a special injury, different in kind and not merely in degree from that suffered by the public in general. The owner of property has a special interest in the street upon which his property abuts, different from the general public. He has the right to adequate access to his property from either end of the street, and whenever that right is cut off or materially interrupted or impaired by an obstruction in the street, he suffers an injury different in kind, and not merely in degree, from that suffered by the community in general. Thus, if the obstruction in the

street upon which plaintiff's property abuts creates a cul-de-sac, or what is commonly called a dead-end street, he is held to suffer a special injury and may recover damages even though he has access from the other end of the street or from some other highway or street upon which his property abuts. Chicago, R. I. & P. Ry. Co. v. Prigmore, 180 Okla. 124, 68 P. (2d) 90; Thomas v. Farrier (1937) 179 Okla. 263, 65 P. (2d) 526; Siegenthaler v. Newton (1935) 174 Okla. 216, 50 P. (2d) 192, and cases therein cited; Chisago, R. I. & P. Ry. Co. v. Larwood (1935) 175 Okla. 96, 51 P. (2d) 508; Oil Fields & Santa Fe R. Co. v. Treese Cotton Co. (1920) 78 Okla. 25, 187 P. 201. Our constitutional provision, supra, seems to have been taken from Missouri, and also Colorado, whose Constitution was framed a year later than ours, appears to have followed Missouri in this respect. Williams, Oklahoma Constitution, p. 19. We find the cases from Colorado to be in accord with the decisions of this state. Denver Union Terminal Ry. Co. v. Glodt (1919, Colo.) 186 P. 904. To the same effect are cases from other jurisdictions: Highbarger v. Milford (Kan.) 80 P. 633; City of Chicago v. Burcky (Ill.) 42 N. E. 178; Indiana B. & W. R. Co. v. Eberle (Ind.) 11 N E. 467; In re Melon Street (1897, Pa.) 38 Atl. 482, 38 L. R. A. 275. Therefore, the elevation of the tracks crossing Frisco avenue and the permanent closing of the street creating a cul-de-sac on which plaintiff's property abuts, would clearly give rise to a cause of action, if it were not for the roadway built by defendant leading to the underpass a block south. This affords the plaintiff a means of ingress and egress from both ends of the street upon which his property abuts. But to recover damages for the obstruction of the street it is not essential that the access to the property has been entirely cut off. However, if the only complaint is that the roadway is less convenient, or that he is compelled to travel further over a more circuitous route or over a poorer road in going to and from his property, his right of ingress and egress has not been impaired, and the injury is of the same kind as that suffered by the community in general. For such damage he has no right of action. Scrutchfield v. Choctaw, O. & W. R. Co. (1907) 18 Okla. 308, 88 P. 1048; Choctaw, O. & W. R. Co. v. Castanien (1909) 23 Okla. 735, 102 P. 88; McKay v. City of Enid (1910) 26 Okla. 275, 109 P. 520; Blanding v. City of Las Vegas (1929, Nev.) 280 P. 644; In re Hull (1925, Minn.) 204 N. W. 534, 49 A. L. R. 320; Tomazewski v. Palmer Bee Co. (1923, Mich.) 194 N. W. 571. Aside from these limitations, our attention has not been directed to any decision of this court specifying the criteria for determining what constitutes impairment of ingress and egress when some means of access has been provided. However, in Chicago, R. I. & P. Ry. Co. v. Jennings (1936) 175 Okla. 524, 53 P. (2d) 691, a recovery was allowed although the facts disclosed the only impairment to be that the obstruction made the street more narrow, but the rules applicable were not discussed. In Denver Union Terminal Ry. Co. v. Glodt, supra, the court permitted a recovery where the means of access provided was narrower and more dangerous than the way which was obstructed. In Highbarger v. Milford, supra, the court in granting recovery said that the 25-foot roadway provided by the defendant was inadequate, but other than that, the opinion does not disclose its condition.

In the case at bar, the access afforded by the roadway was more circuitous, and being unpaved, was rougher and more poorly constructed than Frisco avenue. In addition to that, it was narrower. Therefore, under the authorities cited, there was some evidence that plaintiff suffered more than mere inconvenience, and it was for the jury to decide whether his right of ingress and egress had been impaired even through his means of access was not entirely cut off. Foster Lumber Co. v. Ark. Valley R. Co. (1908) 20 Okla. 583, 95 P. 224. There was no error in refusing to instruct a verdict for the defendant.

Defendant also contends that the court erred in giving instruction No. 8, for the reason that it instructed the jury that if there has been provided a way which is just as convenient, then plaintiff cannot recover. Considering this instruction in its entirety, it was a sufficient statement of the law in accordance with the views herein expressed, and the defendant was not prejudiced by the refusal to give its requested instructions Nos. 2 and 4 regarding "inconvenience."

The instructions must be construed as a whole, and instruction No. 8 should be construed with instruction No. 6, which reads, in part:

"* * * The defendant had the right to and were obligated to construct an elevation of its tracks, but under the provisions of the laws of this state, must pay the **owner of property suffering a direct and special injury** occasioned by the closing of Frisco avenue such amount as will compensate the owner for such damage to its property. **By a direct and special injury is meant an in-**

jury peculiar to the property of the person complaining as distinguished from such injury as might be occasioned to the public generally who might have occasion to use Frisco avenue at that point."

We think instruction No. 6 correctly states the rule as to liability in accordance with our views herein expressed. Instruction No. 8 did not state that a recovery could be allowed for mere inconvenience, but did state that no recovery could be allowed if the way provided was as convenient as the old way, which is correct as far as it went. We do not believe the jury was misled by this instruction.

2. It is next contended that the court erred in instructing the jury that the order of the Corporation Commission in vacating Frisco avenue does not relieve the defendant railway company from liability, and in refusing to give the instructions offered by the defendant to the contrary. In support thereof the defendant argues that under sections 3658 and 3661, O. S. 1931, the Corporation Commission had authority to abolish crossings and vacate the street, and when this was done, the land thereon formerly comprising the street reverted to the railway company, which could then elevate its tracks on its own property with impunity. It is thus argued that the damage to plaintiff was caused by the order of the Corporation Commission in the exercise of police power, and not by the act of the railway company.

The Corporation Commission, in the proper exercise of police power, can order the vacation of streets and determine the necessity and location of crossings, but this power does not authorize it to appropriate or damage property without payment of just compensation. St. Louis-San Francisco Ry. Co. v. State Corp. Comm. (1923) 95 Okla. 140, 218 P. 821. Neither can it authorize the appropriation of, or damage to, the property rights of private persons by the railroad company. Choctaw, O. & G. R. Co. v. Drew (1913) 37 Okla. 396, 130 P. 1149. It is now well settled that the guaranty of section 24, art. 2, of our Constitution is self-executing, and as the orders vacating the street and authorizing the elevation of the tracks were made at the same time and were for the benefit of the railway company as well as the public generally, the railway company must respond for any damage caused by its acts. Missouri, K. & T. Ry. Co. v. State (1923) 107 Okla. 23, 229 P. 172; Pharoah v. Beugler (1935) 172 Okla. 633, 45 P. (2d) 1098; Stehr v. Mason City & F. D. Ry. Co.

(1906, Neb.) 110 N. W. 701, with constitutional provision same as Oklahoma.

Defendant relies principally on Arkansas Valley & W. Ry. Co. v. Bullen (1911) 31 Okla. 36, 119 P. 414, but in that case, which arose before the enactment of the constitutional provision allowing compensation for damage to property as well as actual taking, compensation had been awarded for the property actually taken, and this was held to include the right of ingress and egress over it which plaintiff formerly had. Thus he was denied additional damages for the blocking of this easement. This case, and those cited from other jurisdictions, are not in conflict with our views.

Therefore, the court did not commit error in the instruction complained of.

The judgment is affirmed.

OSBORN, C. J., and RILEY, BUSBY, PHELPS, and CORN, JJ., concur. BAYLESS, V. C. J., and GIBSON, J., dissent. WELCH, J., absent.