## HILLSDALE CO. et al. v. ZORN.

No. 29229. Dec. 19, 1939.

Rehearing Denied March 19, 1940.

Application for Leave to File Second Petition for Rehearing Denied April 2, 1940.

*100 P. 2d 436.*

Busby, Harrell & Trice, of Ada, for plaintiffs in error.

Pryor & Sandlin, of Holdenville (Marvin Balch and Don Wilbanks, both of Holdenville, of counsel), for defendant in error.

GIBSON, J. This appeal is from a judgment of the district court of Pontotoc county denying injunctive relief against the obstruction of an alleged county road.

The right of way for the road in question was originally obtained by the county commissioners, and the same was constructed and maintained as a county road until it was taken over as a state highway by the State Highway Commission (sections 7815, 10088, O. S. 1931, 69 Okla. Stat. Ann. §§ 294, 41). It extended across defendant's land under authority of a previous easement granted by his predecessors to the county.

Thereafter the highway was altered and its course changed so as to eliminate a certain curve therein, and, as altered, was paved by the Highway Commission. A portion of this curve ran along the north boundary of a platted and dedicated subdivision and thence across defendant's premises, which lay outside said subdivision. It served, also, among other roads, as a means of ingress and egress to and from the lands of the different plaintiffs.

Defendant contends that the aforesaid curve has been vacated and abandoned as a road, and he has proceeded to plow up the portion thereof running across his premises. Plaintiffs' contention is to the contrary, and they seek to enjoin obstruction of the road.

The defense was based upon the theory that other routes to plaintiffs' lands were available; that the act of the Highway Commission in constructing a new road in close proximity to the old, and to serve the same objective points, as allegedly done here, constituted an abandonment of the old, and ipso facto, vacated the latter (Britton v. Morris, 59 Okla. 162, 158 P. 358); and that a certain "Resolution of Abandonment" adopted by the Highway Commission wherein said commission purported to abandon that portion of the old road running through defendant's premises constituted a vacation thereof. That resolution declared the whole of the aforesaid curve abandoned as a state highway, and specifically surrendered and released that portion crossing defendant's land.

Plaintiffs assert that in an action to enjoin the blockading of a highway, the defense that other routes are available is not sufficient (Siegenthaler v. Newton, 174 Okla. 216, 50 P. 2d 192; Thomas

v. Farrier, 179 Okla. 263, 65 P. 2d 526); and, further, that neither the construction of the new road nor the resolution aforesaid was sufficient to constitute a vacation of the old road so as to deprive plaintiffs of their right to the use of the same.

The last-cited cases support the contention that an allegation to the effect that other roads to plaintiffs' premises are open constitutes no defense in an action to restrain obstruction of a public highway. But, as we view this case, the main question for determination is whether the road in question was actually a public highway at the time the same was blockaded by defendant. If it was then a public highway, the trial court should have granted the writ. We are not concerned here with the question of the acquisition of an easement by means of adverse use of the way across defendant's land.

In Britton v. Morris, supra, this court expressed the following rule:

"The laying out and establishment of a new road between two objective points, in such close proximity to the old road as clearly indicates an intention upon the part of the board of county commissioners to substitute the new for the old, ipso facto, vacates the old road."

That case involved county roads, and the right of the county commissioners to reopen a road once abandoned by the creation of another. But the rule there announced is no longer law in this state. The Legislature has since enacted a statute prescribing definite procedure whereby a road may be vacated (sec. 10143, O. S. 1931, 69 Okla. Stat. Ann. § 363); and in Thomas v. Farrier, supra, we held that abandonment or misuser or nonuser of a public street or highway did not legalize the maintenance of an obstruction thereon. It was also held in effect that an order of the county commissioners vacating a dedicated street or highway without a sufficient petition therefor by property owners as provided by said section 10143 was a nullity.

It is true that in that case the highway had been dedicated to public use by the owners of a suburban subdivision, but we may say here that whether a highway is dedicated as such by the private individual or by act of proper authorities makes no material difference in the manner in which it may be vacated.

There is no procedure provided by statute whereby the county may dedicate a road. The acquisition of the right of way and construction of the road constitutes a dedication to public use. The statutes refer to dedication of state highways by the Highway Commission, but it seems that the mere mapping or platting of the route constitutes a dedication by said commission. Section 10215, O. S. 1931, 69 Okla. Stat. Ann. § 518. In the instant case the county first dedicated the road.

The statutes do not specifically authorize the State Highway Commission to vacate public roads. That power is vested exclusively in the county commissioners. Section 7660, O. S. 1931, 19 Okla. Stat. Ann. § 339; sec. 10143, supra.

The statutes pertaining to the establishment and maintenance of highways reveal no legislative disposition to deprive the county at once and for all time of its interest in a road when it is taken over by the state. It is true, when the road is taken over by the state, said road no longer remains a county highway (sec. 10090, O. S. 1931, 69 Okla. Stat. Ann. § 44). But that does not mean that abandonment by the state would vacate, ipso facto, a highway formerly dedicated as a public road. In such case the road resumes its status as a county road, and final abandonment lies wholly with the local authorities. And final abandonment is accomplished only by vacating as provided by section 10143, supra. The purpose of the State Highway Act was "to establish a uniform system of state highways." There was no intention to deprive the county of any of its powers with refer-

ence to roads. Section 10116, O. S. 1931, 69 Okla. Stat. Ann. § 42. Where the statute prescribes the method whereby a highway may be vacated and abandoned, it may be discontinued only in the manner so provided. 13 R.C.L. 62.

The evidence in this case fails to show vacation of the road in question. The judgment is therefore reversed, and the cause remanded, with directions to issue the writ.

BAYLESS, C. J., and OSBORN, CORN, and HURST, JJ., concur.