# LINDLEY v. OKLAHOMA TURNPIKE AUTHORITY.

## No. 35890.

Supreme Court of Oklahoma.

Oct. 13, 1953.

Fred L. Patrick, Sapulpa, for plaintiff in error.

Leon Shipp, Oklahoma City, for defendant in error.

DAVIDSON, Justice.

This is an action wherein the plaintiff, Robert Lindley, seeks to recover from the defendant, Oklahoma Turnpike Authority, damages allegedly resulting from the construction by defendant of a turnpike a short distance south of plaintiff's property. The parties will be referred to as they appeared in the trial court.

Plaintiff was the owner of a 77 acre tract of land in Creek County, Oklahoma, which was approximately an average 700 feet wide, east and west and was three-fourths mile long, north and south. About a fourth mile south of his property was the southwest corner of the section. State Highway 33 from the west and U. S. Highway 66 from the southwest came together just east of the section corner and continued on in a northeasterly direction to Sapulpa, Oklahoma, a few miles distant. Running north along the section line from this corner from Highway 33 was a county road which, when it reached plaintiff's land, ran along, and formed, the western boundary thereof. In a part of the space between plaintiff's land and Highway 66 and almost parallel with said highway, defendant was constructing a turnpike. It underpassed Highway 33 about one-fourth mile west of

the section corner, in its southwesterly course. It closed the county road just north of the section corner. The effect of that closing is the crux of this litigation.

In order to make plaintiff's property accessible from Highway 33, the defendant built a new road from a point on Highway 33 about a half mile west of the section corner to a point on the county road about a half mile north of the section corner. The new route was entirely north of the turnpike and about parallel with it and Highway 66. This made the route from plaintiff's land to Sapulpa somewhat more circuitous, but over just about as good a road. There were no buildings on plaintiff's land, the same being used for agricultural purposes only. Several witnesses testified that the value of plaintiff's land was $20 to $30 per acre less than it was before the turnpike construction started. The trial court sustained a demurrer to plaintiff's evidence and rendered judgment for defendant. This appeal has been perfected from that judgment.

■ The case of Atchison, Topeka & Santa Fe R. Co. v. Terminal Oil Mill Co., 180 Okl. 496, 71 P.2d 617, 619, discusses all of the principles and most of the earlier cases argued by both of the parties hereto. Therein, it was said:

"* * * to recover damages for the obstruction of the street, it is not essential that the access to the property has been entirely cut off. However, if the only complaint is that the roadway is less convenient, or that he is compelled to travel further over a more circuitious route or over a poorer road in going to and from his property, his right of ingress and egress has not been impaired, and the injury is of the same kind as that suffered by the community in general. For such damage he has no right of action. * * *"

■ When narrowed down, the case at bar presents only one question, namely: Was the evidence sufficient to make a prima facie case in that any damage suffered by plaintiff was special to him and different, in kind, rather than in extent, from that suffered by the public generally? We think it was not. The county road running north and south along the section line furnished plaintiff with his means of ingress and egress connecting his farm with Highway 33. In constructing the turnpike, the defendant closed the county road, several hundred feet south of plaintiff's land but, to protect plaintiff with a means of ingress and egress, a new road was built near the center of plaintiff's land to a point on Highway 33 about a half mile west of the old county road. There was little, if any, difference in the old and new access roads in quality although the new one was slightly longer and entered the highway further west. The turnpike did not touch plaintiff's land. Although plaintiff's injury probably was greater in degree, it was of the same kind as that suffered by the community at large in its use of the county road.

The rule of law, applicable to such situations was stated in the following language, in the case of Chicago, R. I. & P. R. Co. v. Prigmore, 180 Okl. 124, 68 P.2d 90, 92, cited in the case of Atchison, T. & S. F. R. Co. v. Terminal Oil Mill Co., supra:

"* * * a property owner cannot recover for the closing of a street in another block where he has adequate access to his property from both ends of the street, although traffic may be diverted away from his property. Under these circumstances, he does not sustain a damage different in kind from the general public, but only different in degree. * * *"

The trial court was, therefore, correct in sustaining the defendant's demurrer to plaintiff's evidence.

The judgment is affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur.