J. W. WHEELER, Cody Miller, Leslie Thompson, and The City of Oklahoma City, a Municipal Corporation, Plaintiffs in Error,

v.

BROCKMEIER COMPANY, composed of Pauline Brockmeier, Nell Ray and D. P. Ray, Defendants in Error.

No. 40784.

Supreme Court of Oklahoma.

March 29, 1966.

Rehearing Denied Oct. 4, 1966.

Roy H. Semtner, Municipal Counselor, Carroll E. Gregg, Asst. Municipal Counselor, for plaintiff in error, the City of Oklahoma City.

Cantrell, Douglass, Thompson & Wilson, Kenneth J. Wilson, Oklahoma City, for plaintiffs in error, J. W. Wheeler, Cody Miller and Leslie Thompson.

R. Kay Matthews, Atoka, James E. Driscoll, Seminole, for defendants in error.

JACKSON, Vice Chief Justice.

In the trial court, plaintiffs (d/b/a Brockmeier Company) sued for an injunction to prevent the defendants (Oklahoma City, et al.) from closing a certain road, known as the Boggy Bend Road, leading into the Atoka Reservoir site in southeastern Oklahoma. This site is owned by the defendant, the City of Oklahoma City, the other defendants are lessees of the City under a concession lease. Plaintiffs claim the status of sublessees under the grantee in a grazing lease from the City which grantee is not a party to this action.

Plaintiffs pleaded that they are in the cattle business and that they use the approximately 2200 acres they have under sublease from the City for this purpose. They allege that the closing of the road would work irreparable injury to them, for which they have no adequate remedy at law.

In the answer, defendants denied any intention of completely closing the road but admitted that they plan to restrict its use by installing a locked gate across most of the road with a stile at one side which would permit its use by pedestrian traffic. They offered to furnish plaintiffs with a

key to the lock so they could use the gate at any time.

Defendant City also affirmatively pleaded that it has the right to close the road under 11 O.S.1961, Sec. 301, which provides as follows:

"Any city or town, having acquired possession, by purchase, condemnation, gift, or otherwise, of a reservoir site for a public water supply, is hereby authorized and empowered to close to travel any section line or public road leading into or through such reservoir site."

Plaintiffs reply was in the nature of a general denial.

It is agreed that the City acquired the Boggy Bend Road, and the other lands here concerned, for use as a reservoir site for a public water supply, by condemnation and purchase, and that it paid Atoka County $22,000 for damages to county roads, and other county property in the area. There is no allegation or contention that the road right-of-way was not included in the lands purchased by the City.

After a hearing at which the parties introduced evidence in support of their respective allegations, the court made findings as follows:

"1. That the road in question has been maintained by the County since the procurement of said reservoir site by the City of Oklahoma City.

"2. That situated within said reservoir is a cemetery and that there is no access to said cemetery except through and upon said road in question.

"3. That the City of Oklahoma City, Oklahoma, via a sub-lease from Cordis Martin, lessee of the City, entered into a grazing lease with plaintiff, thereby creating the relationship of landlord and tenant.

"4. That by reason of the finding of this Court hereinabove set out, the defendants and each of them are hereby estopped from closing the road in question as provided in Title 11 OSA, Sec. 301 (erroneously cited by the Court in the Court's Minute under date of March 14, 1964, as 12 OSA Sec. 301) and Title 19 OSA Sec. 339 and 69 OSA Sec. 363 taken into consideration by the Court in arriving at said conclusion."

Upon these findings, the court then entered judgment for plaintiffs enjoining defendants from entering the property for the purpose of obstructing or attempting to close the road. Defendants appeal.

■ We find no evidence in the record before us justifying the granting of equitable relief in this case because of the alleged existence of the old cemetery. Plaintiffs produced no testimony from any person having special right or interest in the cemetery; see 10 Am.Jur. Cemeteries, Sec. 11; and Heiligman v. Chambers, Okl., 338 P.2d 144, 75 A.L.R.2d 583. The only plaintiff testifying said that the last funeral service at the cemetery "might have been a hundred years ago" and that "I have no one buried there myself". There was no evidence that anyone had or claimed the right to make future interments there, and no evidence that the stile which defendants proposed to build would not furnish sufficient access for those desiring to care for graves already there. Our further consideration of this case will therefore be without reference to the finding about the old cemetery.

■ It is apparent from a reading of the balance of the findings that the trial court felt that defendant City had the statutory right to close the road under 11 O.S.1961, Sec. 301, but that it was estopped to exercise that right because of the fact that the County had maintained the road since the City acquired title to it.

In Antrim Lumber Co. v. Wagner, 175 Okl. 564, 54 P.2d 173, this court said:

"The essential elements of an 'equitable estoppel' are:

"First. There must be a false representation or concealment of [material] facts.

"Second. It must have been made with knowledge, actual or constructive, of the real facts.

"Third. The party to whom it was made must have been without knowledge, or the means of knowledge, of the real facts.

"Fourth. It must have been made with the intention that it should be acted upon.

"Fifth. The party to whom it was made must have relied on or acted upon it to his prejudice."

To the same general effect, see Preston v. Berry, 205 Okl. 63, 234 P.2d 417; Gypsy Oil Co. v. March, 121 Okl. 135, 248 P. 329, 48 A.L.R. 876; 31 C.J.S. Estoppel § 67; and 19 Am.Jur. Estoppel, Sec. 42 at page 642.

After a careful examination of the record, we cannot say that there is any evidence upon which to base an estoppel in this case. At the outset, we note that estoppel must ordinarily be pleaded to be available as the basis of a cause of action or · defense; In re Layman's Estate, 208 Okl. 174, 254 P.2d 784; Kirk v. Kirk, 205 Okl. 482, 238 P.2d 808; 31 C.J.S. Estoppel § 153 (1). Estoppel was not pleaded in this case.

■■ There is no evidence of any false representation or concealment of material facts on the part of any defendant. It is not alleged or proved that the nature of the defendants' interest in the Boggy Bend Road was concealed or that plaintiffs were misled as to the nature of that interest. There is no evidence upon which to base a conclusion that plaintiffs were "without knowledge, or the means of knowledge, of the real facts". It is well settled that an estoppel cannot exist where the knowledge of both parties is equal and nothing is done by the one to mislead the other. Updegraff v. City of Norman, Okl., 287 P.2d 909.

It should be remembered that no issue was made in the trial court as to the nature or extent of the title to the Boggy Bend Road which the City acquired along with the rest of the reservoir site. On the question of the right of a municipality to acquire a fee simple title in condemnation proceedings, see Ramsey v. Leeper, 168 Okl. 43, 31 P.2d 852; and Springfield v. City of Perry, Okl., 358 P.2d 846.

■ Upon the basis of the trial court's reference, in finding number four, to 19 Okl.St.Ann. Sec. 339 and 69 Okl.St.Ann. Sec. 364, it is argued that 11 O.S.1961, Sec. 301 "must be implemented" by following the procedure outlined in the two sections mentioned.

We are unable to agree. It is true, as argued by plaintiffs, that in Hillsdale Co. v. Zorn, 187 Okl. 38, 100 P.2d 436, this court said in the syllabus that "The power to vacate a public highway is vested exclusively in the board of county commissioners upon proper procedure as provided by * * *" 19 O.S.1961, Sec. 339 and 69 O.S. 1961, Sec. 363. The issue in that case was whether the abandonment, by the State Highway Department, of a state highway which was formerly dedicated as a public (county) road would, ipso facto, vacate the highway. This court held that it would not, and pointed out that the statutes do not authorize the state highway commission to vacate public roads, but that the two sections mentioned do authorize the board of county commissioners to do so. These sections are "exclusive" only in the sense that they are the only ones providing procedure by which the county commissioners may vacate a public road. No question of the right of a city to close roads leading into a reservoir site under 11 O.S.1961, Sec. 301, was involved.

■ Since there is no evidence to support the court's finding that the defendants are estopped from closing the road, the judgment is against the clear weight of the evidence and must be reversed. British American Oil Producing Co. v. Midway Oil Co., 183 Okl. 475, 82 P.2d 1049.

Several other arguments are raised by defendants in their briefs, some of which appear to have merit, however, in view of our conclusions above, it is unnecessary to consider these additional arguments.

The judgment of the trial court is reversed.

HALLEY, C. J., and WILLIAMS, BLACKBIRD, IRWIN, BERRY, HODGES and LAVENDER, JJ., concur.